The STATE of Ohio, Appellee,

v.

HICKS, Appellant.

[Cite as *State v. Hicks* (1998), 128 Ohio App.3d 647.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–970533.

Decided June 26, 1998.

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Philip R. Cummings*, Assistant Prosecuting Attorney, for appellee.

*Myron Y. Davis, Jr.*, for appellant.

PAINTER, Judge.

In 1982, defendant-appellant Jeffrey Hicks pleaded guilty to rape and aggravated burglary. On May 14, 1997, while still incarcerated, Hicks was brought to the Hamilton County Court of Common Pleas for a sexual-predator hearing. The hearing was continued until May 23, 1997, at which time the trial court adjudicated Hicks a sexual predator. From this adjudication, Hicks brings five assignments of error.

Hicks's first four assignments all challenge the constitutionality of R.C. Chapter 2950 on various grounds. We have rejected these arguments in *State v. Lance*.[1] The first four assignments are therefore overruled.

In his fifth assignment, Hicks argues that the sexual-predator adjudication was against the manifest weight of the evidence. This assignment is well taken.

In making a determination as to whether an individual is a sexual predator, R.C. 2950.09(B)(2) states that the trial court "shall consider all relevant factors, including, but not limited to, all of the following:

"(a) The offender's age;

"(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;

---

1. *State v. Lance* (Feb. 13, 1998), Hamilton App. Nos. C–970301, C–970282, and C–970283, unreported, 1998 WL 57359.

"(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;

"(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;

"(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;

"(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;

"(g) Any mental illness or mental disability of the offender;

"(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;

"(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;

"(j) Any additional behavioral characteristics that contribute to the offender's conduct."

After considering the relevant factors, the trial court may find that the individual is a sexual predator if there is clear and convincing evidence to support that conclusion.[2]

Here, the only evidence that the state presented at the hearing was the indictment for the rape and the aggravated burglary, and the guilty pleas to the offenses. When asked if there was any other evidence that the state wanted to present, the prosecutor answered: "Your honor, the only evidence that we would have to present is what was entered, what was submitted to the Court at plea, and any victim statements that might have been made at the time. But other than that, we would submit it on the facts." Any victim-impact statements that may have existed had apparently been lost since 1982, when Hicks was sentenced, and therefore were not available, so we need not determine whether they would have been properly considered.

When defense counsel asked the trial judge if there was any other evidence that he intended to consider, the judge stated, "That's it." The judge later

---

2. See R.C. 2950.09(B)(3).

stated, "I find, sir, that by virtue of your plea to the sexually oriented offense, you are a sexual predator as defined by the code."

The trial judge's statement demonstrates why we must reverse Hicks's sexual-predator adjudication. The legislature did not contemplate that sexually oriented offenders be found sexual predators solely by virtue of their conviction or plea of guilty to a sexually oriented offense. To allow as much would render the sexual-predator hearing a sham. If the legislature had meant that a conviction for a sexually oriented offense would automatically render a defendant a sexual predator, then no hearing would be provided for under the statute.

Based entirely on the indictment and guilty pleas, the trial court determined that Hicks is likely to commit another sexually oriented offense. The indictment only set forth, in a definitional manner, the types of offenses that Hicks committed—a rape and an aggravated burglary. The state did not present any evidence relating to the factors listed in R.C. 2950.09(B)(2). But the legislature did not make those convicted of rape *per se* sexual predators, and such offenders are entitled to a hearing where the state must prove by clear and convincing evidence that they are likely to commit another sexually oriented offense.

We refuse to take that quantum leap and hold that the concomitant commission of a sexually oriented offense and an aggravated burglary fifteen years ago is clear and convincing evidence that the offender is likely to commit another sexually oriented offense. Though we are not presented in this case with the need to establish a precise definition of the quantum or quality of evidence necessary in a sexual-predator hearing, we know that the bare indictment and guilty pleas are not sufficient. We understand the state's predicament when the case is this old—a situation that will not occur in the future because the sexual-predator hearings for new offenders are to be held at sentencing.

Because the state's evidence was inadequate as a matter of law, we must vacate the sexual-predator adjudication. Further, we order the trial court to include in Hicks's institutional record a finding that he has not been found to be a sexual predator, as mandated by R.C. 2950.09(C)(2).

*Judgment vacated*
*and cause remanded.*

MARIANNA BROWN BETTMAN, P.J., and SHANNON, J., concur.