DECISION
Appellant, Dennis M. Wolfel, appeals from a decision of the Franklin County Court of Common Pleas finding him to be a sexual predator and sets forth the following assignment of error:
 The trial court erred in finding Appellant to be a sexual predator.
In 1976, appellant was convicted of kidnapping and rape, and sentenced to serve seven to twenty-five years for the kidnapping conviction and five to twenty-five years for the rape conviction with the sentences to be served consecutively. This court affirmed appellant's conviction in State v. Wolfel (July 12, 1977), Franklin App. No. 76AP-663, unreported (1977 Opinions 2502).
Appellant contends the state failed to show by clear and convincing evidence that he was a sexual predator. We agree.
A sexual predator is defined in R.C. 2950.01(E) as:
 (E) * * * [A] person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses.
R.C. 2950.09(B)(3) states in part:
 (3) After reviewing all testimony and evidence presented at the hearing conducted under division (B)(1) of this section and the factors specified in division (B)(2) of this section, the judge shall determine by clear and convincing evidence whether the offender is a sexual predator. * * *
Thus, the statute requires the court to find by clear and convincing evidence that an offender is likely to commit a sexually oriented offense in the future. "Stated differently, the standard is whether there exists proof that produces a firm belief or conviction that an offender will more likely than not commit another sex offense in the future." State v. Ward (Jan. 28, 1999), Cuyahoga App. No. 72371, unreported.
In deciding whether a defendant is a sexual predator, the court must consider the following factors set forth in R.C.2950.09(B)(2):
 (2) In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
At the sexual predator hearing, the state presented evidence from a former assistant prosecuting attorney who prosecuted appellant for rape and kidnapping, who testified as to the circumstances of the crimes and identified appellant. A deputy clerk of courts identified the indictments, jury verdict forms and sentencing entries for the rape and kidnapping charges. The deputy clerk also identified exhibits pertaining to appellant's 1969 conviction for malicious breaking and entering. A post-sentence investigator from the Ohio Adult Parole Authority testified as to a report he completed in 1995, apparently for a parole hearing. This report included a presentence investigation for appellant's 1969 conviction for breaking and entering. Due to the age of the 1969 pre-sentence report, the court specifically stated it would give the report no consideration. The post-sentence investigator testified that appellant had been placed on parole twice for the breaking and entering charge, and that his parole had been revoked twice. The post-sentence investigation report showed appellant had no prior convictions for a sexually oriented offense. Appellant was on parole at the time the crimes were committed. The victim was twenty-four. Although there was only one victim, she was raped more than once at knife point.
Appellant testified on his own behalf. He stated that the crimes were committed when he was twenty-five and that he is now forty-nine, and he expressed remorse over his crime. He attributed his actions, in part, to the use of alcohol and drugs. Since he has been incarcerated, appellant has completed various programs, including: classes in stress management; anger management; violence prevention; victim awareness; personal dynamics; and substance abuse, and a sex offender counseling program. Appellant stated he has been active in AA for approximately four years. Appellant further stated that he has had no disciplinary infractions since 1988.
William Dallman, the former warden at Lebanon Correctional Institution, testified on appellant's behalf at his parole hearing and also appeared on his behalf at the sexual predator hearing, and stated that, in his opinion, appellant has undergone significant changes during the period of his incarceration.
In finding appellant to be a sexual predator, the trial court listed its factual findings as to the factors set forth in R.C. 2950.09(B)(2), the court further stated that the Ohio Department of Rehabilitation and Correction had conducted a sexual predator screening and, on August 29, 1997, recommended that appellant be adjudicated a sexual predator; however, that screening letter is not part of the record and is not before the court. Therefore, we do not decide what weight or consideration the recommendation is to be given.
There is no doubt appellant's acts were reprehensible and repellant, and that all sexually oriented offenses contain elements of cruelty. Nonetheless, the issue in a sexual predator hearing is whether there is clear and convincing evidence of appellant's likelihood to commit future such offenses. In Statev. Hicks (1998), 128 Ohio App.3d 647, 650, the court stated:
 * * * [T]he legislature did not make those convicted of rape per se sexual predators, and such offenders are entitled to a hearing where the state must prove by clear and convincing evidence that they are likely to commit another sexually oriented offense.
 We refuse to take that quantum leap and hold that the concomitant commission of a sexually oriented offense and an aggravated burglary fifteen years ago is clear and convincing evidence that the offender is likely to commit another sexually oriented offense. * * *
In this instance, there was no evidence presented other than the facts surrounding the offenses for which appellant was convicted, and no testimony to suggest that appellant was likely to engage in such conduct in the future. While there may well be instances where the conviction for one sexually oriented offense will result in the defendant being properly found to be a sexual predator, such clear and convincing evidence was not presented in this case. Thus, we find that the trial court erred in finding appellant to be a sexual predator, and appellant's assignment of error is sustained.
For the foregoing reasons, appellant's assignment of error is sustained, and the judgment of the trial court is reversed and this matter is remanded to the trial court for further proceedings in accordance with this decision.
Judgment reversed and cause remanded.
PETREE and BRYANT, JJ., concur.