DECISION
Appellant, William J. Alvarez, has appealed from a judgment of the Franklin County Court of Common Pleas that determined he was a sexual predator, and sets forth the following assignment of error:
 The trial court erred in finding Appellant to be a sexual predator.
In 1991, appellant was indicted on one count of rape and one count of kidnapping. Appellant pleaded guilty to attempted rape, the kidnapping charge was dismissed and he was sentenced to five to fifteen years in prison. In his sole assignment of error, appellant argues that the state failed to present clear and convincing evidence that he is a sexual predator. A sexual predator is defined in R.C. 2950.01(E) as:
 (E) * * * [A] person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses.
R.C. 2950.09(B)(3) states in part:
 (3) After reviewing all testimony and evidence presented at the hearing conducted under division (B)(1) of this section and the factors specified in division (B)(2) of this section, the judge shall determine by clear and convincing evidence whether the offender is a sexual predator. * * *
Thus, the statute requires the court to find by clear and convincing evidence that an offender is likely to commit a sexually oriented offense in the future. "Stated differently, the standard is whether there exists proof that produces a firm belief or conviction that an offender will more likely than not commit another sex offense in the future." State v. Ward (Jan. 28, 1999), Cuyahoga App. No. 72371, unreported.
In deciding whether a defendant is a sexual predator, the court must consider the following factors set forth in R.C.2950.09(B)(2):
 (2) In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
At the sexual predator hearing, the state presented a copy of the indictment, appellant's written plea of guilty, the court's sentencing entry and the notes from the police investigation. The summary of the police investigation shows that appellant followed the victim as she walked to a bar to meet her father. While waiting for her father outside the bar, appellant approached the victim and stated "how much?" The victim informed appellant she was not a prostitute and appellant apparently left. When the victim left the bar, walking home alone, appellant followed. The victim attempted to elude appellant by crossing the street, but appellant grabbed her in the middle of West Town Street and stated that he had a knife. The victim managed to get away from appellant but he grabbed her again, choking her. Appellant dragged the victim into an alley, threw her to the ground and was attempting to rape her when the Columbus police arrived.
Appellant presented the testimony of Robin Taylor and Nancy Steele. Ms. Taylor is employed as a social worker with the Magellan Program for sexual offenders at North Central Correctional Institution. She stated appellant participated in the program, which lasts from one to two years, appeared for all classes and actively participated.
Dr. Steele, who designed the Magellan Program, knew appellant through his participation in the program and group therapy. Dr. Steele testified that appellant completed one hundred forty hours of classroom work and six months of group therapy, which included anger management. In concluding appellant was a low risk to reoffend, Dr. Steele considered that appellant specifically requested transfer to the institution for the purpose of participation in the Magellan Program; that he was twenty-four at the time of the offense and would be thirty-seven upon his release; that the level of violent activity generally drops off at age thirty, and even more at age forty; that the only prior offense on appellant's record was drug related; that alcohol abuse contributed to his actions; and that appellant had few behavior problems in prison. Dr. Steele did not testify as to the specific facts of the rape, nor was she asked about them. Dr. Steele further testified that appellant completed his education and worked with lower functioning inmates in the prison's education program. Dr. Steele testified that, upon his release, appellant intended to live with his family and work for his uncle.
In its entry, the court stated that it had considered the factors in R.C. 2950.09(B)(2), but made no specific factual findings.
The issue in a sexual predator hearing is whether there is clear and convincing evidence that appellant is a sexual predator and the state bears the burden of proof. Appellee is correct that many of the factors listed in R.C. 2950.09(B)(2) relate to the specific facts of the underlying offense; however, those factors, in and of themselves, do not necessarily show a defendant is likely to reoffend. In State v. Hicks (1998),128 Ohio App.3d 647, 650, the court stated:
 * * * [T]he legislature did not make those convicted of rape per se sexual predators, and such offenders are entitled to a hearing where the state must prove by clear and convincing evidence that they are likely to commit another sexually oriented offense.
 We refuse to take that quantum leap and hold that the concomitant commission of a sexually oriented offense and an aggravated burglary fifteen years ago is clear and convincing evidence that the offender is likely to commit another sexually oriented offense. * * *
While clearly no one can predict the future behavior of any individual, in this case, the state failed to show by clear and convincing evidence that appellant is likely to reoffend. Other than the specific facts relating to the rape, which led to appellant's plea of guilty, the only evidence presented was that appellant had actively participated in and completed a program for sex offenders, which included anger management, had no record of sexually-oriented offenses, and was assessed as a low risk to reoffend.
Therefore, appellant's assignment of error is sustained, the judgment of the Franklin County Court of Common Pleas is reversed, and this matter is remanded for further proceedings in accordance with this decision.
Judgment reversed and cause remanded.
LAZARUS and BRYANT, JJ., concur.