OPINION
In this appeal of a sexual-predator adjudication, defendant-appellant George Pryor claims that the trial court erred in determining that he is "likely to engage in the future in one or more sexually oriented offenses." Pryor points out that the court's determination was based on evidence surrounding crimes that occurred about twelve years before the sexual-predator hearing, and Pryor argues that, since the time that he committed those original crimes, he has rehabilitated himself. In light of the extended period of time that elapsed between Pryor's original crimes and his sexual-predator hearing, and considering that the state presented no evidence to rebut Pryor's evidence of rehabilitation, we agree that the trial court erred.
In 1987, Pryor, who was then twenty-two years old, attacked a sixteen-year-old girl. The victim was walking on a street near a wooded area, and Pryor jumped out of the woods, grabbed her, and pulled her into the woods. Pryor then threw her to the ground, punched her in the face, and attempted to remove her shirt. Fortunately, other people heard the victim's screams. When those individuals came to help the girl, they noticed that Pryor had a gun. Pryor ran away, but was soon caught by the police. The victim suffered a broken collarbone, cuts, and bruises.
Pryor pleaded guilty to one count of kidnapping and one count of felonious assault. The trial court sentenced Pryor to seven to twenty-five years for the kidnapping and to seven to fifteen years for the felonious assault, to be served concurrently. In 1999, Pryor, who was still incarcerated, returned to the court for a sexual-predator hearing and was adjudicated a sexual predator.
Pryor now appeals the sexual-predator adjudication. A sexual predator is a person "who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses."[1] In his sole assignment of error, Pryor does not dispute that he committed a sexually-oriented offense. But he argues that the determination that he is "likely to engage in the future in one or more sexually oriented offenses" was against the manifest weight of the evidence. We agree.
At the sexual-predator hearing, the court reviewed grand-jury testimony and the facts of the offenses. The court also considered a Not-Guilty-By-Reason-Of-Insanity report (NGRI report) submitted in 1987. The report stated that Pryor was an "angry" and "irritable" person who believed himself to be mistreated, and that he acted out his aggressions in an "alien and uncontrolled" fashion.
On the other hand, Pryor testified at the hearing that he had completed a sex-offender program while he was in prison. Pryor did not deny his crime or attempt to make excuses, but he did explain that he was intoxicated when he attacked the victim. He testified that he desired to become rehabilitated and that, as a thirty-four-year-old, he was a different person than he was as a twenty-two-year-old when he committed the crimes. In addition, Pryor's attorney, describing Pryor as a "model prisoner," stressed that Pryor had completed a twelve-step program in domestic violence, was enrolled in college courses, taught CPR classes and aerobics, and coached a basketball team. The attorney also explained that Pryor had been "clean and sober" since he committed the crimes.
Despite the evidence presented in favor of Pryor, the court determined that Pryor was a sexual predator. In coming to this conclusion, the court made the following findings: (1) the victim was a young teenager, while Pryor was twenty-two years old; (2) Pryor displayed cruelty toward the victim and injured her; and (3) the offense was sexual in nature.
There is no doubt that Pryor's attack on the victim in 1987 was reprehensible. But, at the hearing, the state only presented the facts surrounding Pryor's attack and the evaluation in the NGRI report made shortly after the attack. In light of the evidence presented by Pryor, we are reminded that the state, which had the burden of showing that Pryor was a sexual predator,[2] did not present any evidence other than that regarding the original crimes themselves. The only evidence presented regarding the time that had passed since Pryor committed the crimes suggested that Pryor had rehabilitated himself, and the state did not rebut that evidence.
Because the state only presented evidence surrounding the crimes for which Pryor was found guilty, crimes that happened about twelve years before the hearing, and because the state presented no other evidence to suggest that Pryor was likely to engage in such conduct in the future, we hold that the court erred in adjudicating Pryor to be a sexual predator. In light of the evidence presented by Pryor, the court's conclusion that Pryor was "likely to engage in the future in one or more sexually oriented offenses" was against the manifest weight of the evidence. Pryor's assignment is sustained.
Therefore, the judgment of the trial court is reversed. We stress that our holding is limited to the facts of this case. While the type of evidence used by the state might be persuasive in certain cases, especially ones where shorter periods of time have passed between the offenders' offenses and their sexual-predator hearings, the state's evidence was not adequate here. Under the circumstances, and in light of the fact that R.C. Chapter 2950 is remedial legislation, designed to protect the public,[3] we conclude that the appropriate remedy is to remand this case to the trial court to conduct a new hearing. That hearing should focus on whether Pryor is likely to commit sexually-oriented offenses in the future.
Judgment reversed and cause remanded.
 DOAN, P.J., and GORMAN, J., concur.
[1] R.C. 2950.01(E).
[2] See State v. Hicks (1998), 128 Ohio App.3d 647, 650,716 N.E.2d 279, 280.
[3] See State v. Cook (1998), 83 Ohio St.3d 404, 413,700 N.E.2d 570, 578; R.C. 2950.02(B).