While I agree with the majority regarding the analysis of the appellant's first assignment of error relating to grand jury testimony, I do not agree that the state established by clear and convincing evidence that appellant is a sexual predator.
As set forth in the state's brief, "[o]n appeal this court must examine the record to determine whether the trial court had sufficient evidence before it to satisfy the clear and convincing standard." Once again the state relies upon the facts of the sexual offense giving rise to the predator determination and reference to appellant's criminal record, involving nonsexual offenses, to urge a determination of predator status.
While it is clearly established that a trial court is to consider factors enumerated in R.C. 2950.09(B)(2) when deciding predator status, most of these factors do not apply in the case before us. Additionally, the briefs indicate neither the state nor defense offered "evidence" on the issue of whether appellant was likely to reoffend. As stated in the statutory law, a sexual predator is defined as, "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). As stated in State v. Hicks (1998),128 Ohio App.3d 647, 650:
 The legislature did not contemplate that sexually oriented offenders be found sexual predators solely by virtue of their conviction or plea of guilty to a sexually oriented offense. To allow as much would render the sexual predator hearing a sham. If the legislature had meant that a conviction for a sexually oriented offense would automatically render a defendant a sexual predator, then no hearing would be provided for under the statute.
The record here reveals the state relied upon the facts of the offense giving rise to the sexual predator determination and offered no evidence on the issue of whether appellant was likely to reoffend. The factual circumstances of the case do not, in my view, amount to clear and convincing evidence of the likelihood of appellant reoffending. Thus, the state has not met its burden of proof and as a matter of law, the trial court erred by its determination that appellant is a sexual predator. Therefore, I sustain the second assignment of error relative to the sexual predator issue.