DECISION
Defendant-appellant, Charles Bass, appeals his adjudication as a sexual predator pursuant to R.C. Chapter 2950. The record shows that, in 1980, Bass forced his way into a woman's apartment and beat her severely. He tied the woman to her bed and raped her, before ransacking her apartment and stealing money and other valuables. He then raped the woman again before leaving her apartment. Bass was indicted for two counts of rape, one count of aggravated robbery and one count of aggravated burglary. He pleaded guilty to one count of rape pursuant to R.C. 2907.02 and one count of aggravated burglary pursuant to R.C. 2911.11. He was sentenced to four to twenty-five years' incarceration on each count, to be served concurrently.
A sexual-predator hearing was held in June 1999. The state presented into evidence the original indictment, an RCIC printout, a report from the Adult Parole Authority, a letter from the prosecutor's office to the parole board, and a transcript of grand-jury testimony. These exhibits did not contain any significant information other than an explanation of the facts and circumstances of the original sexually-oriented offense.
Bass presented evidence that he had successfully completed the Monticello sexual-offender program, as well as numerous substance-abuse-treatment programs. The participation summary of the Monticello program that Bass presented into evidence stated that he had "accepted responsibility and expressed remorse" for the original offense, that he "appeared to try and internalize the content of the class," and that he "appeared to improve his understanding of the pervasiveness of sexual abuse, its far-reaching effects and his own offense." At the time of the hearing, Bass was in a minimum-security institution, where he acted as a substance-abuse counselor. Upon his parole, he planned to reside in a halfway house and to complete follow-up sexual-offender and substance-abuse treatment.
Bass also presented evidence showing that he had completed numerous education programs while in prison. He earned a Bachelor of Arts degree in psychology. In explaining his choice of major, he stated that he was trying to understand why he "perpetrated such a heinous act and atrocity upon such an innocent woman as her." He attributed his behavior to a mixture of drugs and alcohol, particularly PCP. The record shows that Bass had previously been released on parole. However, he violated that parole in 1986 and returned to the institution to serve his full term of incarceration. Bass testified that the violation did not involve another criminal offense, but instead was the result of "not coming to grips with my drug and alcohol program."
The trial court acknowledged Bass's work at the institution. However, it stated that "you can't put the toothpaste back in the tube," and found him to be a sexual predator. Bass has filed a timely appeal from that judgment, and we have sua sponte removed the case from the accelerated calendar.
Bass presents four assignments of error for review. In his first assignment of error, he contends that the registration and notification requirements of R.C. Chapter 2950 violate his right to privacy guaranteed by the United States and Ohio Constitutions. This court rejected the same argument inState v. Hart (Mar. 24, 2000), Hamilton App. No. C-990541, unreported, and State v. Redepenning (Feb. 11, 2000), Hamilton App. Nos. C-990377 and C-990378, unreported, and we therefore overrule Bass's first assignment of error. See, also, State v.Dickens (Aug. 2, 1999), Clermont App. No. CA98-09-075, unreported.
In his third assignment of error, Bass contends that his adjudication as a sexual predator violated his rights under the Double Jeopardy Clause of the United States Constitution. This court rejected this argument in State v. Lance (Feb. 13, 1998), Hamilton App. Nos. C-970301, C-970282 and C-970283, unreported, affirmed (1998), 84 Ohio St.3d 17, 701 N.E.2d 692, and we, therefore, overrule Bass's third assignment of error.
In his second assignment of error, Bass contends that his adjudication as a sexual predator violated his right to due process guaranteed by the Fourteenth Amendment to the United States Constitution. Though he frames this assignment of error in terms of a constitutional violation, he is essentially arguing that the evidence did not support the adjudication. Because we hold that the trial court's judgment was against the manifest weight of the evidence, we sustain this assignment of error.
The prosecution must prove by clear and convincing evidence that the offender is a sexual predator. R.C.2950.09(B)(3); State v. Cook (1998), 83 Ohio St.3d 404, 408,700 N.E.2d 570, 575; State v. Lee (1998), 128 Ohio App.3d 710,716-717, 716 N.E.2d 751, 755. R.C. 2950.01(E) defines a sexual predator as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." The parties agree that Bass committed a sexually-oriented offense. See R.C. 2950.01(D). The issue was whether he is likely to commit another sexually-oriented offense in the future.
This court has stated that the legislature did not contemplate that sexually-oriented offenders would be found to be sexual predators solely because they had been convicted of or pleaded guilty to a sexually-oriented offense — otherwise the hearing requirement of R.C. 2950.09(B)(1) would be rendered a sham. Statev. Hicks (1998), 128 Ohio App.3d 647, 650, 716 N.E.2d 279, 280.
What must be avoided in sexual-predator determinations is the indulging, or even the appearance of indulging, a presumption that anyone with a prior sexual offense is a sexual predator. The statute clearly provides an offender with procedural due process, and its operation * * * cannot deny or ignore those rights. The declaration of an offender's status as a sexual predator cannot * * * be automatic.
Lee, supra, at 723, 716 N.E.2d at 760.
In several similar cases, this court has held that the trial court's judgment finding the offender to be a sexual predator was against the manifest weight of the evidence under the following circumstances: (1) the state's evidence at the sexual-predator hearing concerned only the facts and circumstances of the original sexually-oriented offense; (2) the offense occurred many years before the sexual-predator hearing; (3) the offender had no other significant criminal history; and (4) the offender presented evidence that he had engaged in substantial rehabilitative efforts while in prison. In those cases, we determined that the appropriate remedy was to remand the case to the trial court to conduct a new hearing focusing on whether the offender was likely to commit a sexually-oriented offense in the future. See State v. Tasseff (Apr. 28, 2000), Hamilton App. No. C-990624, unreported; State v. Higgins (Apr. 14, 2000), Hamilton App. No. C-990615, unreported; State v. Pryor (Mar. 10, 2000), Hamilton App. No. C-990497, unreported. See, also, Hicks, supra,
at 649-650, 716 N.E.2d at 280-281.
The facts of this case are almost identical to the facts of those cases. The only evidence presented by the state concerned the original offense, which, while undoubtedly horrific and violent, occurred nineteen years before the sexual-predator hearing. Although there was some evidence that Bass had violated parole, that violation occurred thirteen years before the hearing and did not involve a new criminal offense. Bass had no significant criminal history, and he presented evidence of substantial efforts to rehabilitate himself while in prison. Given the state of the evidence, we hold that the trial court's finding that Bass was likely to commit a sexually-oriented offense in the future is against the manifest weight of the evidence, and, therefore, that the court erred in adjudicating him a sexual predator. Consequently, we sustain his third assignment of error, we reverse the judgment of the trial court finding him to be a sexual predator, and we remand the case for a new sexual-predator hearing.
In his fourth assignment of error, Bass contends that he was denied effective assistance of counsel. Given our resolution of his second assignment of error, we find this assignment of error to be moot, and we, therefore, decline to address it. See App.R. 12(A)(1)(c).
Judgment reversed and cause remanded.
 HILDEBRANDT, P.J., DOAN and PAINTER, JJ.