[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
In 1983, defendant-appellant Rayfield Caulton pleaded guilty to aggravated rape, aggravated robbery, and aggravated burglary. On February 16, 2000, while still incarcerated, Caulton was brought to the Hamilton County Court of Common Pleas for a sexual-predator hearing. Following the hearing, Caulton was adjudicated a sexual predator. From this adjudication, Caulton appeals, raising five assignments of error.
In four of his five assignments of error, Caulton challenges the constitutionality of R.C. Chapter 2950 on various grounds. Because these arguments have previously been rejected,[1] the assignments are overruled.
In his remaining assignment of error, Caulton argues that there was insufficient evidence to support his sexual-predator adjudication. We agree.
In order for Caulton to be adjudicated a sexual predator, the state was required to prove by clear and convincing evidence that he had pleaded guilty to a sexually-oriented offense and that he was likely to commit another sexually-oriented offense.[2] Here, the state presented absolutely no evidence to support a finding that Caulton was a sexual predator other than the prosecutor's verbal assertion of Caulton's 1983 offense.
This court has previously stated that a bare indictment and guilty plea are insufficient to prove that a defendant is likely to commit another sexually-oriented offense.[3] The facts of this case are even more sparse in that the state did not even produce the original indictment and guilty plea. Accordingly, not only did it fail to prove by clear and convincing evidence that Caulton was likely to commit another sexually-oriented offense, it also failed to prove by clear and convincing evidence that he had previously pleaded guilty to such an offense.
Because the state's evidence was inadequate as a matter of law, we must reverse the sexual-predator adjudication. Further, we remand the case and hereby order that the trial court include in Caulton's institutional record a finding that he has not been found to be a sexual predator, as mandated by R.C. 2950.09(C)(2).
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Painter and Sundermann, JJ.
[1] See State v. Cook (1998), 83 Ohio St.3d 404, 700 N.E.2d 570; Statev. Lance (Feb. 13, 1998), Hamilton App. Nos. C-970301, C-970282, C-970283, unreported.
[2] R.C. 2950.01(E) and 2950.09(B)(3).
[3] See State v. Hicks (1998), 128 Ohio App.3d 647, 716 N.E.2d 279.