[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
In 1991, defendant-appellant Kenneth Hill pleaded guilty to attempted rape. On March 22, 2000, while still incarcerated, Hill was brought to the Hamilton County Court of Common Pleas for a sexual-predator hearing. Following the hearing, Hill was adjudicated a sexual predator. From this adjudication, Hill appeals, raising two assignments of error.
Because Hill's second assignment of error is dispositive of his appeal,[1] we address it first. In that assignment, Hill contends that because the state failed to introduce any evidence to support a finding that he was a sexual predator, the trial court erred in making its adjudication. We agree.
In order for Hill to be adjudicated a sexual predator, the state was required to prove by clear and convincing evidence that he had pleaded guilty to a sexually-oriented offense and that he was likely to commit another sexually-oriented offense.[2] Here, the state presented absolutely no evidence beyond the prosecutor's verbal references to Hill's underlying offense. This court has previously stated that a bare indictment and guilty plea are insufficient to prove that a defendant is likely to commit another sexually-oriented offense.[3]
Because the state's evidence was insufficient as a matter of law, we must reverse the sexual-predator adjudication. Further, we remand the case and hereby order that the trial court include in Hill's institutional record a finding that he has not been adjudicated a sexual predator, as mandated by R.C. 2950.09(C)(2).
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Painter and Sundermann, JJ.
[1] Our disposition of the second assignment renders Hill's remaining assignment moot.
[2] R.C. 2950.01(E) and 2950.09(C)(2)(b).
[3] See State v. Hicks (1998), 128 Ohio App.3d 647, 16 N.E.2d 279.