[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant appellant Lanny Lawrence was found guilty by a jury and convicted of rape and kidnapping in October of 1984. Lawrence received a sentence of ten to twenty-five years of incarceration for each of the two counts, and the sentences were ordered to run consecutively. This year, Lawrence appeared before the same trial court that had previously sentenced him and was adjudicated a sexual predator. Lawrence objects to this designation and, in his sole of assignment of error, claims that insufficient evidence was presented to support the trial court's adjudication. We disagree.
R.C. 2950.01(E) defines a sexual predator as a person who has been found guilty of a sexually-oriented offense and is "likely to engage in the future in one or more sexually oriented offenses." R.C.2950.09(C)(2)(b) requires that a person who was found guilty of a sexually-oriented offense before 1997, and is still incarcerated for the offense, be proved a sexual predator by clear and convincing evidence. Clear and convincing evidence is more than a preponderance of the evidence, but less than the certainty required to convict a criminal defendant beyond a reasonable doubt.[1] Clear and convincing evidence produces in the mind of the trier of facts "a firm belief or conviction as to the facts sought to be established."[2] To assist the trial court in deciding whether a sexually-oriented offender is likely to re-offend, R.C. 2950.09(B)(2) provides a non-exclusive list of factors to be considered.
Lawrence correctly states that this court has required more than a single conviction for a sexually-oriented offense to support an offender's designation as a sexual predator.[3] Lawrence is incorrect, however, in his assertion that there is nothing more in this case. In his brief, Lawrence cites the transcript of the sexual-predator hearing and claims that he had no previous convictions for any sexual offenses. But, the pre-sentence investigation report, made a part of the record in the sexual-predator hearing without objection by Lawrence, clearly stated that Lawrence had twice before been sentenced for offenses of a sexual nature. In 1978, Lawrence had been sentenced for exposing himself. And earlier in 1984, he had been sentenced for gross sexual imposition, while simultaneously being acquitted on charges of attempted rape.
It is true that Lawrence's counsel represented to the trial court that Lawrence had completed all available sexual-offender programs, and that Lawrence was in the Polaris Program. Evidence of an offender's rehabilitative efforts has been found significant by this court, especially when the state's only evidence relates to the original sexually-oriented offense.[4] In this case, however, the cruelty of the original offense, coupled with prior convictions for sexual offenses, was sufficient to support an adjudication designating Lawrence a sexual predator.
Therefore, we affirm the judgment of the trial court. Further, a certified copy of this Judgment Entry shall constitute the mandate to be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
 __________________________ Gorman, P.J.,
Painter and Sundermann, JJ.
[1] Cross v. Ledford (1954), 161 Ohio St. 469, 120 N.E.2d 118, paragraph three of the syllabus.
[2] Id.
[3] See State v. Hicks (1998), 128 Ohio App.3d 647, 716 N.E.2d 279.
[4] See State v. Higgins (Apr. 14, 2000), Hamilton App. No. C-990615, unreported.