DECISION.
In 1985, defendant-appellant Johnnie Lewis entered a guilty plea to gross sexual imposition and aggravated burglary. The charges stemmed from a single incident in which Lewis entered an apartment and, at knife-point, fondled and "grinded on" a twenty-four-year-old woman during the course of a burglary. Lewis received nine to twenty-five years of incarceration for the offenses, and he remains incarcerated at the Pickaway Correctional Institution.
In 1997, the warden of the Pickaway Correctional Institution forwarded a Sexual Predator Screening Instrument to the presiding judge of the Hamilton County Common Pleas Court, recommending that Lewis be adjudicated a sexual predator. The recommendation was Cbased on only one of the ten possible criteria. The instrument indicated that Lewis had "threatened cruelty" by using a knife in the course of the original offenses.
In 2000, Lewis was returned to Hamilton County for a sexual-offender classification hearing before the same judge who had originally sentenced him. During the hearing, the state focused exclusively on the details of the original offenses, entering as evidence only the sexual-predator screening instrument and a presentence-investigation report from 1985. The state also mistakenly identified the victim's age as fourteen at the time of the incident, when in fact the victim was twenty-four.
By contrast, Lewis presented evidence that he had successfully completed a series of courses in his attempt at rehabilitation. Certificates were entered as evidence to show the successful completion of (1) a class in moral reasoning; (2) training in stress management; (3) participation in a values-clarification group; (4) the twelve-step program; and (5) the Level 1 sex-offender program. Lewis also entered as evidence a psychological form from the Level 1 sex-offender program in which the psychology supervisor described Lewis as "very conscientious." In the same document, Lewis's participation was characterized as thoughtful, sincere, and indicative of an effort at rehabilitation. Finally, Lewis testified that he had recently completed Levels 2 and 3 of the sex-offender program, had no urge to re-offend, and was remorseful.
The trial court found that Lewis was a sexual predator. Lewis has appealed and raises as his single assignment of error that the trial court's classification of him as a sexual predator was against the manifest weight of the evidence. We agree.
This court recognized as early as 1998 that a previous conviction for a sexually-oriented offense does not ipso facto provide the basis for a sexual-predator adjudication.[1] "If the legislature had meant that a conviction for a sexually oriented offense would automatically render a defendant a sexual predator, then no hearing would be provided for under the statute."[2] The sexual-predator statute affords an offender procedural due process that cannot be ignored, and the imposition of the sexual-predator label cannot be automatic.[3]
More recently, we have consistently decided a series of cases that are virtually identical to the present case.[4] In each of these cases, the state's evidence at the sexual-predator hearing focused exclusively on the original offense. The original offense occurred many years in the past. No pattern of significant criminal activity on the part of the defendant was evident. Finally, the defendant offered proof of substantial rehabilitative efforts. It should be clear by now to even the most unobservant that a sexual-predator adjudication under these circumstances must be reversed.
Because the trial court's adjudication was against the manifest weight of the evidence, we must reverse Lewis's sexual-predator adjudication and remand the case for a new sexual-predator hearing.
 ________________________________ Painter, Judge
 Gorman, J., concurs. Hildebrandt, P.J., dissents.
[1] See State v. Hicks (1998), 128 Ohio App.3d 647, 716 N.E.2d 279.
[2] Id. at 650, 716 N.E.2d at 280.
[3] See State v. Lee (1998), 128 Ohio App.3d 710, 723, 716 N.E.2d 751,760.
[4] See State v. Pryor (Mar. 10, 2000), Hamilton App. No. C-990497, unreported. See, also, State v. Bass (May 12, 2000), Hamilton App No. C-990529, unreported; State v. Tasseff (Apr. 28, 2000), Hamilton App. No. C-990624, unreported; State v. Higgins (Apr. 14, 2000), Hamilton App. No. C-990615, unreported.