[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
In early 1993, defendant-appellant Arthur Poole pleaded no contest to four rapes of a twelve-year-old, attempted rape of the girl's mother, gross sexual imposition against the mother, and two counts of aggravated burglary. The charges stemmed from an incident in which Poole displayed singular brutality and cruelty. Intoxicated on drugs and alcohol in celebration of his birthday, Poole selected the home randomly, beat both victims, threatened them with weapons, and repeatedly raped a minor child in front of her parent, who he also sexually abused.
Earlier this year, Poole was adjudicated a sexual predator. He now appeals, claiming that the trial court's adjudication was based on insufficient evidence. We disagree.
R.C. 2950.01(E) defines a sexual predator as a person who (1) has been found guilty of a sexually-oriented offense and (2) is "likely to engage in the future in one or more sexually-oriented offenses." Rape, attempted rape, and gross sexual imposition are all defined as sexually oriented offenses in R.C. 2950.01(D), so the first condition for Poole's adjudication as a sexual predator has been met. Poole, however, claims that there is insufficient evidence in the record to support the trial court's finding that he is likely to engage in the future in one or more sexually-oriented offenses.
R.C. 2950.09(C)(2)(b) requires that Poole be proved a sexual predator by clear and convincing evidence. Clear and convincing evidence is more than a preponderance of the evidence, but less than the certainty required to convict a criminal defendant beyond a reasonable doubt.[1]
Clear and convincing evidence produces in the mind of the trier of facts "a firm belief or conviction as to the facts sought to be established."[2] To assist the trial court in deciding whether a sexually-oriented offender is likely to re-offend, R.C.2950.09(B)(2) provides a non-exclusive list of factors to be considered. It is true that this court has reversed adjudications based solely on evidence of cruelty in the commission of a long-past original offense, when the defendants have submitted credible evidence of their rehabilitation.[3] In this case, however, there is more than cruelty in the commission of a long-past offense. There is evidence that implicates at least six of the ten statutory criteria.
In addition to the cruelty and threatened cruelty Poole displayed in committing the original series of sexual offenses,[4] the trial court correctly considered the young age of one of the victims.[5] Evidence was also presented that Poole had a prior criminal record,[6] and that he was on parole when this series of sexual crimes was committed.[7]
There were multiple victims.[8] Poole's counsel shared with the trial court that there were mental-health issues that Poole needed to address with the Department of Corrections.[9] Based on this record, there is sufficient evidence for the trier of fact to have concluded, by clear and convincing evidence, that it was likely that Poole would engage in the future in one or more sexually-oriented offenses.
Therefore, the judgment of the trial court is affirmed, and a certified copy of this Judgment Entry shall constitute the mandate to be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Painter and Winkler, JJ.
[1] See Cross v. Ledford (1954), 161 Ohio St. 469, 120 N.E.2d 118, paragraph three of the syllabus.
[2] Id.
[3] See State v. Hicks (1998), 128 Ohio App.3d 647, 716 N.E.2d 279. See, also, State v. Lee (1998), 128 Ohio App.3d 710, 716 N.E.2d 751;State v. Pryor (Mar. 10, 2000), Hamilton App. No. C-990497, unreported;State v. Bass (May 12, 2000), Hamilton App. No. C-990529, unreported;State v. Tasseff (Apr. 28, 2000), Hamilton App. No. C-990624, unreported; State v. Higgins (Apr. 14, 2000), Hamilton App. No. C-990615, unreported.
[4] R.C. 2950.09(B)(2)(i).
[5] R.C. 2950.09(B)(2)(c).
[6] R.C. 2950.09(B)(2)(b).
[7] R.C. 2950.09(B)(2)(f).
[8] R.C. 2950.09(B)(2)(d).
[9] R.C. 2950.09(B)(2)(g).