OPINION
Defendant-Appellant, Jason L. Utz, appeals from a judgment issued by the Crawford County Common Pleas Court finding him to be a sexual predator. For the reasons set forth in the following opinion, we affirm the trial court's judgment.
In November 1991, the Crawford County Grand Jury returned an indictment against Appellant, an eighteen-year-old male, for one count of rape, a violation of R.C. 2907.02, for sexual acts allegedly committed with a twelve-year-old female child. Appellant entered an initial plea of not guilty to the count contained in the indictment, and the matter was set for a jury trial. Prior to trial, however, Appellant entered into a negotiated plea agreement whereby the charge of rape was dismissed in exchange for a plea of guilty to attempted rape. The court accepted the plea to the amended charge and proceeded to sentence Appellant to an indefinite prison term of five to fifteen years. The judgment entry of conviction and sentence was filed on July 30, 1992.
In July 2000, while Appellant was serving his sentence, the Department of Corrections and Rehabilitation ("Department") recommended that the court adjudicate Appellant a sexual predator pursuant to the provisions set forth in R.C. Chapter 2950. The court assigned counsel to Appellant and provided notice of hearing to Appellant's counsel and the prosecutor regarding the adjudication of Appellant as a sexual predator on July 27, 2000. Appellant, by counsel, on August 7, 2000, moved the court for an order dismissing the request filed by the Department. A hearing on the matter took place on August 22, 2000. After considering the evidence presented at the hearing, the court found Appellant to be a sexual predator by entry dated August 24, 2000. This appeal followed.
Appellant presents the following as his assignments of error:
 Assignment of Error I
The trial court erred in granting the state's motion to determine Appellant to be a sexual predator, when Appellant was never given notice of the hearing as required by the Due Process Clause and the Revised Code.
R.C. section 2950.09(B)(1) provides that "the court shall give the offender and the prosecutor who prosecuted the offender for the sexually oriented offense notice of the date, time, and location of the hearing." The Supreme Court has held that this notice requirement demands strict compliance, and a failure to give the offender notice of a sexual offender classification hearing affects a substantial right, thus constituting plain error. State v. Gowdy (2000), 88 Ohio St.3d 387,398-99.
In Gowdy, the trial judge, at the defendant's sentencing, proceeded immediately to the sexual offender classification hearing without providing advance oral or written notice of the hearing to the defendant or the prosecutor. Id. at 388. The Ohio Supreme Court stated "it is imperative that counsel have time to adequately prepare for the hearing" and such preparation was not possible due to the lack of advance notice.Id. at 398. As a result, the Court vacated the defendant's classification as a sexual predator, holding that "[a]bsent compliance with the mandatory notice provision, defendant's classification as a sexual predator must be vacated and the matter remanded to the trial court for a sexual offender classification hearing with proper advance notice of the hearing issued to the parties." Id. at 399.
The fact that the offender did not receive the notice directly, but that the notice was instead sent to counsel assigned to the offender, however, does not always render the notice ineffective, as it is well established that notice to an attorney affecting the rights of his client will be considered notice to the client as long as the information has been acquired in and during the transaction in which the attorney and client were engaged. Nickschinski v. Sentry Ins. Co., (1993),88 Ohio App.3d 185, 192-193.
In the present case, the record reflects that notice of the hearing on the classification of Appellant as a sexual predator was provided to both Appellant's counsel and the prosecutor on July 27, 2000. The notice provided that the hearing would take place on August 22, 2000 at 1:00 p.m. at the Crawford County Common Pleas Court. As such, Appellant had nearly four weeks to prepare testimony, present evidence and obtain witnesses for hearing.
It does not appear from the record whether Appellant and his counsel undertook any preparation for the hearing during this period, as Appellant provided no testimonial evidence at the hearing. Appellant's counsel merely stated: "I think as far as the classification would go under the law, it should be the lowest form. I don't believe there were any prior sex offenses in his background. Therefore, I think it should be the lowest standard of classification." Appellant then declined the opportunity to present further testimony, evidence or witnesses.
Appellant's failure to present evidence at the classification hearing cannot be deemed the result of a lack of advance notice, since such notice was provided to his attorney, which is imputed to Appellant. Further, there is no evidence in the record that would suggest that the notice was not received in and during the transaction in which Appellant and his attorney were engaged. Therefore, based on the foregoing, we find that adequate notice was provided to Appellant. Accordingly, Appellant's first assignment of error is not well taken and is therefore overruled.
 Assignment of Error II
The trial court erred in determining Appellant to be a sexual predator, where the mere fact that the victim was young is treated as sufficient evidence that Appellant will again re-offend.
 Assignment of Error III
The trial court erred in determining Appellant to be a sexual predator, where there was insufficient proof that Appellant is likely to re-offend.
Assignments of Error II and III both involve the issue of whether there was sufficient evidence for the trial court to determine Appellant to be a sexual predator. As such, we will address these assignments of error together.
In making its determination as to whether an offender should be adjudicated a sexual predator, the trial court must consider all pertinent factors, including, but not limited to, those enumerated in R.C. 2950.09(B)(2):
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
When determining whether a person is a sexual predator, the trial court must consider not just the above listed factors, but all relevant factors. State v. Ward (1999), 130 Ohio App.3d 551, 560. The statute does not require the trial court to list the criteria specifically, but rather it is only required to consider all relevant factors including, but not limited to, the criteria in R.C. 2950(B)(2) in making its findings. Id.
Pursuant to Evid.R. 101(C)(3), application of the Rules of Evidence, including the hearsay rule, are excepted from certain proceedings including: among other things, sentencing and granting or revoking probation. A hearing on sexual predator classification "is similar to sentencing or probation hearings where it is well settled that the Rules of Evidence do not strictly apply." State v. Cook (1998),83 Ohio St.3d 404, 425. As a result, the trial judge may rely upon reliable hearsay such as a pre-sentence investigation report:
 A sexual predator determination hearing is similar to sentencing or probation hearings where it is well settled that the Rules of Evidence do not strictly apply. A determination hearing does not occur until after the offender has been convicted of the underlying offense. Further, the determination hearing is intended to determine the offender's status, not to determine the guilt or innocence of the offender. Id.
In the present case, although the trial judge specifically listed the age of the victim and the mindset of Appellant in its findings of fact, the court's Judgment Entry demonstrates that the court considered "all of the factors contained in R.C. 2950.09(B)(2), as well as all of the evidence and argument presented by the parties," including the pre-sentence investigation report, which included Appellant's criminal record.
Appellant also argues that the court did not consider all relevant factors, including, but not limited to, the R.C. 2950.09(B)(2) factors in its determination that Appellant is likely to re-offend. The record demonstrates otherwise.
Appellant cites State v. Hicks (1998) 128 Ohio App.3d 647, which states: "The legislature did not contemplate that sexually oriented offenders be found sexual predators solely by virtue of their conviction or plea of guilty to a sexually oriented offense. To allow as much would render the sexual-predator hearing a sham." Id. at 650.
In the present case, Appellant would have us believe that the trial court looked solely to Appellant's guilty plea in its determination that Appellant be classified a sexual predator. We disagree. The record suggests that the trial court considered all relevant evidence, including, but not limited to, the R.C. 2950.09(B)(2) factors in its determination that Appellant is likely to re-offend and that he should be classified a sexual predator. The trial court had sufficient evidence upon which to base a finding that Appellant would likely commit another sexually oriented offense in the future.
The pre-sentence investigation report demonstrates that not only was the instant sexual offense planned in advance by Appellant, but also that the he has a demonstrated pattern of criminal behavior. Appellant was convicted of underage consumption of alcohol, shoplifting, and curfew violation less than five months prior to the alleged sexually oriented offense that is the subject of this appeal. Less than a year prior to those aforementioned offenses, Appellant was convicted of criminal damaging and vandalism, for which he was assigned to the Department of Youth Services for the second time in his life, for a minimum of six months. Prior to that offense, Appellant was convicted of four counts of theft, subsequently escaping twice and violating probation before being assigned the first time to the Department of Youth Services. Department of Youth Services reports that Appellant was discharged from supervision unsatisfactorily due to a failure to complete conditions.
Subsequent to the alleged sexually oriented offense, on May 30, 1992, Appellant was arrested and charged with underage consumption of alcohol. Shortly thereafter, on or about August 3, 1992, Appellant began serving his sentence for attempted rape.
While the November 8, 1991 incident is the only evidence of a sexually oriented offense by Appellant, it is clear, based on Appellant's extensive criminal record, which included several offenses before and an arrest subsequent to the alleged sexually oriented offense, that the trial court had sufficient evidence to find that Appellant would likely commit another sexually oriented offense in the future. Accordingly, Appellant's second and third assignments of error are not well taken and are therefore overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, the judgment of the trial court is hereby affirmed.
Judgment affirmed.
 HADLEY and BRYANT, JJ., concur.