JOURNAL ENTRY AND OPINION.
{¶ 1} Defendant-appellant, Barry Gauntt ("appellant "), appeals from the decision of the trial court classifying him a sexual predator under R.C. 2950.09. Having reviewed the arguments of the parties and the pertinent law, we affirm the decision of the trial court.
 I. {¶ 2} Appellant was originally convicted of gross sexual imposition in 1985. In 1992, in case CR-269619, appellant was convicted after trial of four counts of gross sexual imposition, in violation of R.C. 2907.05, and sentenced to a term of indefinite incarceration for a period of four to ten years on each count, with two of the counts to run consecutively. The trial court held a hearing on November 7, 2002, in Cuyahoga County case number CR-269619, in which the court classified appellant as a sexual predator.
 {¶ 3} At the hearing, the trial court received into evidence an August 6, 2002 institution report which included a summary of the appellant's activities while he was incarcerated. In addition, the July 16, 2002 clinical risk assessment, prepared by John Garrity, Ph.D., was submitted. Additional evidence included an October 25, 2002 sexual predator evaluation, prepared by George Schmedlen, Ph.D., J.D., of the county psychiatric clinic, and the presentence investigation reports from both of appellant's cases. After the evidence was presented, appellant was classified as a sexual predator. Appellant now appeals the trial court's classification.
 II. {¶ 4} The appellant argues in his sole assignment of error that "the evidence is insufficient, as a matter of law, to prove `by clear and convincing evidence' that appellant is `likely to engage in the future in one or more sexually oriented offenses.'"
 {¶ 5} The standard of "clear and convincing evidence" is the measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases. State v. Schiebel (1990),55 Ohio St.3d 71, 74. Clear and convincing evidence is the measure or degree of proof which produces in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. Id. In reviewing a trial court's decision based upon clear and convincing evidence, an appellate court must examine the record to determine whether sufficient evidence exists to satisfy the requisite degree of proof. Id.
 {¶ 6} According to R.C. 2950.01(E), a "sexual predator" is a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one ormore sexually oriented offenses. Emphasis added.
 {¶ 7} R.C. 2950.09(B)(3) lists the relevant factors the judge considers when determining if the offender is to be classified as a sexual predator. R.C. 2950(B)(3) provides in relevant part:
"In making a determination * * * as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
"(a) The offender's or delinquent child's age;
"(b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
"(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
"(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
"(e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
"(f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
"(g) Any mental illness or mental disability of the offender or delinquent child;
"(h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
"(i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
"(j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct."
 {¶ 8} "The statute does not require the court to list the criteria, but only to `consider all relevant factors, including' the criteria in R.C. 2950.09(B)(2) in making his or her findings." State v.Cook (1998), 83 Ohio St.3d 404. Moreover, R.C. 2950.09(B)(3) does not require that each factor be met, rather it merely requires that the trial court consider those factors which are relevant. State v. Ivery, Cuyahoga App. No. 72911, 1999-Ohio-528, citing State v. Tracy, Summit App. No. 18623, 1998-Ohio-2200.
 {¶ 9} In the case sub judice, the trial court properly considered appellant's recidivist tendency when it classified him as a sexual predator. In both of appellant's prior sexual offenses, the crimes were of a similar nature. In both cases, appellant was convicted of using ten-year-old children to help him engage in masturbation. This is inapposite to the facts in State v. Hicks (1998), 128 Ohio App.3d 647, mentioned in appellant's brief. In Hicks, the crimes were not of a similar nature as they are in appellant's case, thereby distinguishingHicks from the case at bar.
 {¶ 10} In addition, Dr. Garrity found appellant to have traits associated with psychopathy, thereby negating any mitigation regarding appellant's increased age.[1] Furthermore, appellant has failed to complete sexual offender treatment programs, show any remorse for his victims, or acknowledge any guilt.[2]
 {¶ 11} The trial court properly evaluated the statutory factors when it determined appellant's sexual predator status. The evidence examined by the trial court in this case satisfied the degree of proof required to produce a firm belief or conviction as to the facts the state established, therefore satisfying the clear and convincing evidence standard. This court has examined the record and determined that sufficient evidence exists to satisfy the requisite degree of proof required.
 {¶ 12} Appellant's assignment of error is overruled.
Judgment affirmed.
FRANK D. CELEBREZZE, JR., P.J., and COLLEEN CONWAY COONEY, J., CONCUR.
[1] Tr. at 16.
[2] Tr. at 15.