{¶ 38} I reluctantly concur with the result reached by the majority in this case. However, I disagree with the reasoning expressed in the majority opinion as follows.
 {¶ 39} First, Ohio courts have held that, in cases where the evidence that a defendant is "likely to engage in the future in one or more sexually oriented offenses" relates only to the defendant's underlying conviction, such evidence is insufficient to support a finding the defendant is a sexual predator. See State v. Ward (1999),130 Ohio App.3d 551, 561, citing State v. Hicks (1998),128 Ohio App.3d 647. Other than the facts of the underlying offense, the record in this case contains almost no evidence to support a determination appellant is a sexual predator. Accordingly, I would reverse on that basis, rather than comparing the proceedings in the trial court to the "model hearing" proposed in Eppinger, supra.
 {¶ 40} Second, it is undisputed that appellant committed a sexually oriented offense. The majority describes appellant's crimes as "horrific" and "cruel." Accordingly, I would reverse the trial court's judgment and remand the case for a determination, based on the existing record, as to whether appellant should be classified as a sexual oriented offender or a habitual sex offender.