The STATE of Ohio, Appellee,

v.

TASSEFF, Appellant.

[Cite as *State v. Tasseff* (2000), 139 Ohio App.3d 753.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–990624.

Decided April 28, 2000.

*Michael K. Allen,* Hamilton County Prosecuting Attorney, and *June Wagner,* Assistant Prosecuting Attorney, for appellee.

*Katz, Greenberger & Norton* and *Kevin R. Brewer,* for appellant.

DOAN, Judge.

Defendant-appellant, George Tasseff, appeals the judgment of the Hamilton County Court of Common Pleas adjudicating him a sexual predator pursuant to R.C. 2950.09. For the following reasons, we reverse that judgment and remand the cause to the trial court for further proceedings.

In 1990, Tasseff entered guilty pleas to one count each of abduction and gross sexual imposition. On August 3, 1999, he was brought before the trial court for a sexual-predator hearing. Following the hearing, the trial court adjudicated Tasseff a sexual predator pursuant to R.C. 2950.09.

In a single assignment of error, Tasseff argues that the sexual-predator adjudication was contrary to the manifest weight of the evidence. The assignment of error is well taken.

In a sexual-predator proceeding, the prosecution is required to prove by clear and convincing evidence that the defendant is "likely to engage in the future in one or more sexually oriented offenses." [1] With respect to the determination of whether an individual is a sexual predator, R.C. 2950.09(B)(2) states that the trial court "shall consider all relevant factors, including, but not limited to, all of the following:

"(a) The offender's age;

"(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;

"(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;

"(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;

"(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;

"(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;

"(g) Any mental illness or mental disability of the offender;

---

1. R.C. 2950.01(E); *State v. Lance* (Feb. 13, 1998), Hamilton App. Nos. C–970301, C–970282, and C–970283, unreported, 1998 WL 57359.

"(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;

"(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;

"(j) Any additional behavioral characteristics that contribute to the offender's conduct."

In *State v. Pryor*,[2] this court held that, where the prosecution had presented only evidence surrounding the crimes for which the defendant was found guilty, and where the crimes had occurred approximately twelve years prior to the hearing, the trial court erred in finding the defendant to be a sexual predator. In holding that the adjudication was against the weight of the evidence, we further cited evidence offered by the defendant that he had participated in rehabilitative programs.[3]

We find the holding in *Pryor* to be apposite to the case at bar. Here, the prosecution offered only the circumstances surrounding the 1990 convictions in support of the contention that Tasseff is a sexual predator. Specifically, the prosecutor informed the trial court that Tasseff had lured a nine-year-old girl into a secluded area by asking her to help him look for some kittens. While alone with the victim, Tasseff touched her genital area. At the time of the offense, Tasseff was twenty-seven years old.

As was the case in *Pryor*, however, Tasseff presented evidence that he had attempted to rehabilitate himself while incarcerated. He had completed a sexual-offender program and a substance-abuse program, in addition to obtaining his general equivalency diploma and completing a number of college courses. Moreover, it was stipulated that Tasseff had no other criminal record besides the 1990 convictions and a speeding ticket.

Given these facts, we cannot say that the circumstances of the 1990 convictions, standing alone, demonstrated that Tasseff was likely to commit sexual offenses in the future. While Tasseff's conduct was indeed deplorable, approximately nine years had passed between the commission of the offenses and the sexual-predator hearing. Moreover, the evidence adduced by Tasseff tended to indicate that he

---

2. (Mar. 10, 2000) Hamilton App. No. C–990497, unreported, 2000 WL 262383, citing *State v. Hicks* (1998), 128 Ohio App.3d 647, 716 N.E.2d 279.

3. *Pryor.*

would not commit further offenses in the future, and the state did not rebut that evidence.

■ In accordance with our holding in *Pryor*, therefore, we reverse the trial court's adjudication of Tasseff as a sexual predator. As we held in *Pryor*, the proper remedy under these circumstances is to remand the cause to the trial court to conduct a new hearing.[4]

*Judgment reversed*
*and cause remanded.*

PAINTER, J., concurs.

HILDEBRANDT, P.J., dissents.

HILDEBRANDT, Presiding Judge, dissenting.

Because I believe that the trial court's adjudication of Tasseff as a sexual predator was in accordance with the evidence, I respectfully dissent.

The transcript of the hearing reflects that the trial court considered the relevant factors and weighed them properly in reaching its decision. Tasseff employed a cruel ruse to lure a small child into a secluded area, where he violated her by touching her genitals. As the trial court correctly found, the means by which Tasseff committed the crime reflect "the classic kind" of predator conduct. The court explicitly considered Tasseff's lack of a prior record and the fact that he had completed the programs enumerated by the majority but found that those factors were outweighed by the egregious circumstances of the 1990 offenses. I would accord deference to the trial court's weighing of the factors and would, therefore, affirm the adjudication. Accordingly, I dissent.

---

4. See *id.*, citing *State v. Cook* (1998), 83 Ohio St.3d 404, 413, 700 N.E.2d 570, 578.