[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Henry James appeals from the judgment of the trial court adjudicating him a sexual predator. The first three of Henry's four assignments of error raise, in several parts, the issue of the constitutionality of R.C. 2950.09. He contends that the legislation violates the Ex Post Facto Clause of the federal constitution and the provisions of the Ohio Constitution prohibiting retroactive laws; that the application of R.C. 2950.09 violates the Double Jeopardy Clause of the federal constitution; and that the statute is vague in that it provides no direction for a determination of the factors that lead to the finding that an offender is a sexual predator. These three assignments of error are overruled on the authority of State v. Cook
(1998), 83 Ohio St.3d 404, 700 N.E.2d 570, and State v. Williams (2000),88 Ohio St.3d 513, 728 N.E.2d 342, certiorari denied (2000), 531 U.S. 902,121 S.Ct. 241.
In his fourth assignment of error, Henry argues that the trial court's sexual-predator adjudication is against the manifest weight of the evidence. We agree.
In 1987, Henry pleaded guilty to one count of rape and received a sentence of ten to twenty-five years in the penitentiary. The rape involved a three-year-old girl whom Henry forced off the street and into an alley, where he raped her vaginally and forced her to perform oral sex. On November 13, 1997, while still serving his sentence, Henry was brought back before the trial court for a sexual-predator hearing.
At a sexual-predator-classification hearing, the prosecution must prove clearly and convincingly that the defendant has been convicted of or pleaded guilty to committing a sexually-oriented offense and that the defendant is likely to engage in the future in one or more sexually-oriented offenses. R.C. 2950.01(E); R.C. 2959.09(B)(3). A sexual-predator classification may not be predicated solely on the stale conviction for the underlying offense.[1]
In State v. Eppinger, decided after Henry was adjudicated a sexual predator, the Ohio Supreme Court suggested standards for a model classification hearing. These guidelines, intended to aid the appellate court's review of the evidence on appeal and to ensure a fair and complete hearing for an offender, include the following: (1) to create a clear, accurate, and comprehensive record for review; (2) to appoint an expert, if necessary, to assist the trial court in making a determination concerning the offender's likelihood of recidivism; and (3) to discuss on the record the particular evidence and statutory factors upon which the trial court relies in determining the offender's likelihood of recidivism.[2]
At Henry's sexual-predator-classification hearing, the state offered into evidence the judgment entry of Henry's rape conviction, the trial court's entry accepting Henry's plea of guilty, and a certified copy of the indictment. The state also presented the testimony of the arresting officer in the rape case. The state did not present evidence of any similar sexual misconduct. Court-appointed defense counsel represented to the trial court that Henry had participated in and continued to participate in counseling while incarcerated. Neither the state nor Henry requested the appointment of an expert to assist the court in making its determination. At the end of the hearing, the court found Henry to be a sexual predator without discussing the factors leading to this adjudication.
We hold that the hearing in this case did not comport with theEppinger model. The evidence presented was scant, and the trial court failed to discuss on the record the particular evidence and factors upon which it relied in making its determination. Further, the court apparently based its finding of a likelihood of recidivism solely upon Henry's conviction for the underlying offense. Under these circumstances, the evidence did not clearly and convincingly support a finding that Henry is likely to commit another sexually-oriented offense. As suggested in Eppinger, because this defendant has been convicted of only one sexually-oriented offense, a psychiatric or psychological expert in the science of predicting human sexual behavior may be necessary to aid the court in its determination.[3] Henry's fourth assignment of error is sustained. Accordingly, the trial court's judgment is reversed, and this case is remanded for a new sexual-predator-classification hearing.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Painter and Sundermann, JJ.
[1] See State v. Eppinger (2001), 91 Ohio St.3d 158, 162, 743 N.E.2d 881,885; State v. Hall (2000), 138 Ohio App.3d 522, 526, 741 N.E.2d 910,913; State v. Tasseff (2000), 139 Ohio App.3d 753, 755, 745 N.E.2d 1055, 1056; State v. Hicks (1998), 128 Ohio App.3d 647, 650, 716 N.E.2d 279,280.
[2] Eppinger at 166, 743 N.E.2d at 888-889.
[3] Eppinger at 162, 743 N.E.2d at 885; see, also, State v. Acklin
(Nov. 2, 2001), Hamilton App. No. C-000335, unreported.