DECISION.
Defendant-appellant Morris K. Hinton pleaded guilty to two counts of rape and one count of felonious sexual penetration on November 28, 1994. He was sentenced on December 19, 1994, to nine to twenty-five years' incarceration, with nine years of actual incarceration, on each count. The sentences were ordered to run concurrently. After he had been incarcerated for approximately six years, Hinton was returned to Hamilton County for a sexual-offender-classification hearing on December 19, 2000. At the hearing, the state submitted the grand-jury transcripts underlying Hinton's indictments. The state did not present any other evidence.
The victims of Hinton's offenses were his daughter, age six, and her two friends, ages ten and thirteen. Hinton's daughter testified before the grand jury that Hinton would rub her vaginal area and insert his finger into her vagina under the guise of assisting her with her bath or personal hygiene. Further, Hinton's daughter testified that she performed fellatio on her father. One of the other girls testified that, in 1992, Hinton unbuttoned her pants, rubbed her vaginal area and inserted his finger into her vagina. The other girl stated that, in the summer of 1993 through the summer of 1994, Hinton forced her to have sexual intercourse with him and to perform fellatio on him.
The offenses came to light when Hinton sought counseling for his inappropriate behavior. Hinton admitted the offenses in counseling even though his therapist warned him that he could face criminal prosecution. His admissions were reported, and a criminal prosecution ensued.
Defense counsel submitted a letter that Hinton's therapist had written in 1994, prior to his sentencing. It stated that Hinton was "unusual in that he seemed to want to do something about his problem prior to being coerced into therapy by the court." The letter further stated that the therapist did not "see [Hinton] as a `fixated pedophile'" and that Hinton was remorseful. It also contained the therapist's statement that he "wouldn't expect [Hinton] to be a threat to children at the present time."
Hinton's criminal record consisted of convictions in 1979 for criminal trespass and attempted theft. When he was a child, Hinton's father had sexually abused him. Defense counsel noted that, while he was in prison, Hinton had completed his general equivalency diploma, had been recognized for academic achievement, had attended church regularly and had been ordained a minister. Hinton did not attend the Polaris sexual-offender program because it had been "closed down." He had enrolled in and been released from the Tecumseh mental-health program.
In determining that Hinton was a sexual predator, the trial court found that Hinton was "thirty something" at the time of the offenses; that the victims were six, ten and thirteen years of age; that Hinton had engaged in a pattern of abuse; that Hinton had been in a position of trust with regard to the victims; and that Hinton had "no real prior criminal record." The court stated,
 I do feel sorry for you. Anything I do in these kind of cases is not to be cruel to people or hateful, but I do worry about it, because people like you tend to be very dangerous. It's hard to cure you. It's a curse.
 Maybe it's because of your father, but once you have that curse, these urges, it's very hard and difficult to try pedophiles, and your actions are clearly actions of a pedophile and you're — you know, most research indicates you can't be cured, and that's — that's why I strongly believe in the registration program after you're released, because it's — you know, it's a terrible thing you did, and those urges — they're really — most people can't overcome them. I don't think any of them can.
 I think it's a — it's a curse that's on you, and it's — — I don't think you can — I don't think you can really overcome that. And all the things I've done as far as studying this has indicated to me that — I'm concerned about this problem in our society. It indicated there's not much you can do for it.
(T.p. 16-17.)
Following the hearing, the trial court found Hinton to be a sexual predator. Hinton has appealed his sexual-predator classification, raising three assignments of error for our review. We turn initially to Hinton's third assignment of error, which alleges that R.C. 2950.09, Ohio's sexual-predator-classification statute, is unconstitutional in that it is a retroactive law, an ex post facto law, and a violation of the Equal Protection, Due Process and Double Jeopardy Clauses. The third assignment of error is overruled on the authority of State v. Williams (2000),88 Ohio St.3d 513, 728 N.E.2d 342, and State v. Cook (1998),83 Ohio St.3d 404, 700 N.E.2d 570.
The first and second assignments of error allege that the trial court's determination that Hinton is a sexual predator was based upon insufficient evidence and was against the manifest weight of the evidence.
A sexual predator is "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). The prosecution must prove by clear and convincing evidence that an offender is a sexual predator. See R.C. 2950.09(B)(3); State v. Cook
(1998), 83 Ohio St.3d 404, 700 N.E.2d 570; State v. Lee (1998),128 Ohio App.3d 710, 716 N.E.2d 751. Clear and convincing evidence is that measure of proof that produces a firm belief as to the allegations sought to be established. See State v. Eppinger (2001), 91 Ohio St.3d 158,743 N.E.2d 881; Cross v. Ledford (1954), 161 Ohio St. 469, 120 N.E.2d 118, syllabus; State v. Hunter (June 1, 2001), Hamilton App. No. C-000266, unreported. It is an intermediate standard, more than a preponderance but not to the extent of certainty required by the beyond-a-reasonable-doubt standard. Id. Clear and convincing evidence does not mean clear and unequivocal. Id.
The declaration of an offender's status as a sexual predator cannot be automatic. See State v. Hicks (1998), 128 Ohio App.3d 647, 716 N.E.2d 279;State v. Lee (1998), supra; State v. Hunter, supra. The legislature did not contemplate that sexually-oriented offenders would be found to be sexual predators solely because they had been convicted of or pleaded guilty to a sexually-oriented offense. Id. The trial court must avoid indulging in the presumption that anyone with a prior sexually-oriented offense is a sexual predator. Id.
Hinton committed rape and felonious sexual penetration, which are sexually-oriented offenses. The issue for the trial court to determine was whether Hinton was likely to commit another sexually-oriented offense in the future.
R.C. 2950.09(B)(2) provides the following:
 In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
The offender's age;
 The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 The age of the victim of the sexually-oriented offense for which sentence is to be imposed;
 Whether the sexually-oriented offense for which sentence is to be imposed involved multiple victims;
 Whether the offender used drugs or alcohol to impair the victim of the sexually-oriented offense or to prevent the victim from resisting;
 If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense, and, if the prior offense was a sex offense or a sexually-oriented offense, whether the offender participated in available programs for sexual offenders;
Any mental illness or disability of the offender;
 The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually-oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 Whether the offender, during the commission of the sexually-oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 Any additional behavioral characteristics that contribute to the offender's conduct.
 In State v. Hall (2000), 138 Ohio App.3d 522, 741 N.E.2d 910, we held that the trial court's classification of Hall as a sexual predator was against the manifest weight of the evidence where it was based solely upon matters disclosed in the proceedings that had culminated in his convictions entered upon pleas of guilty to three sexually-oriented offenses that he had committed eight years previously. At the sexual-offender-classification hearing, the state presented the indictment, the state's response to Hall's request for a bill of particulars, the presentence-investigation report and the testimony of the investigating police officer. The evidence showed that, on separate dates in 1991, Hall had (1) inserted his finger into the vaginal cavity of his eleven-year-old niece while she was sleeping in his apartment; (2) engaged in vaginal intercourse with his sixteen-year-old niece while she was staying overnight in his apartment; and (3) grabbed the buttocks and breasts of his fifteen-year-old niece. We held that because no evidence was adduced beyond that which was known prior to the sexual-offender-classification hearing, the state had failed to show that Hall was "likely to engage in the future in one or more sexually-oriented offenses."
We held in State v. Bass (May 12, 2000), Hamilton App. No. C-990529, unreported, that where (1) the state had presented only evidence of the facts and circumstances of the original sexually-oriented offense, which had taken place nineteen years earlier; (2) Bass had no significant criminal history; (3) a parole violation that did not involve a new criminal offense had occurred thirteen years earlier; and (4) Bass had engaged in substantial rehabilitative efforts in prison, the trial court's determination that Bass was a sexual predator was against the manifest weight of the evidence.
The prosecution, in State v. Tasseff (2000), 139 Ohio App.3d 753,745 N.E.2d 1055, presented only the evidence of the circumstances surrounding Tasseff's convictions, nine years earlier, for abduction and gross sexual imposition. Tasseff had lured a nine-year-old girl into a secluded area and touched her genital area. Tasseff presented evidence of his rehabilitative efforts in prison. He had no other record except a speeding ticket. We held that the trial court's determination that Tasseff was a sexual predator was against the manifest weight of the evidence.
We held in State v. Higgins (Apr. 14, 2000), Hamilton App. No. C-990615, unreported, that the trial court's determination that Higgins was a sexual predator was against the manifest weight of the evidence, where eight years had passed since his conviction for rape, his record consisted of misdemeanor traffic-related offenses, the state relied only on the circumstances of the crime itself, and Higgins had engaged in rehabilitative efforts in prison.
In State v. Pryor (Mar. 10, 2000), Hamilton App. No. C-990497, unreported, the state relied on the circumstances surrounding Pryor's twelve-year-old convictions for kidnapping and felonious assault to prove that he was likely to commit a sexually-oriented offense in the future. Pryor had attacked a sixteen-year-old girl, pulled her into the woods, punched her and tried to remove her shirt. In addition to the facts of the offenses, the trial court reviewed a not-guilty-by-reason-of-insanity report submitted at the time of original proceeding. Pryor presented evidence that he had rehabilitated himself in prison. We held that the trial court's classification of Pryor as a sexual predator was against the manifest weight of the evidence.
In the case sub judice, the only evidence adduced by the state at the sexual-offender-classification hearing pertained to the circumstances surrounding the offenses that Hinton had committed in 1989, 1992, and 1993. The offenses were certainly reprehensible. But the prosecution had to prove by clear and convincing evidence that Hinton was likely to engage in the future in one or more sexually-oriented offenses. The prosecution failed. The only evidence presented regarding the time since Hinton had committed his crimes suggested that Hinton had rehabilitated himself.
Hinton had no significant criminal history other than the instant offenses. The offenses came to light when Hinton sought help on his own to change his behavior. The therapist's 1994 letter stated that, in his opinion, Hinton was not a "fixated pedophile" or a danger to children at that time. Further, Hinton made substantial efforts at rehabilitation while he was in prison.
Because the state presented only the circumstances surrounding the original crimes and no other evidence to suggest that Hinton was likely to engage in sexually-oriented offenses in the future, we hold that the trial court's determination that Hinton is a sexual predator was based upon insufficient evidence. But, see, State v. Brooks (June 29, 2001), Hamilton App. No. C-000643, unreported. The first and second assignments of error are sustained.
We note that the Ohio Supreme Court, in State v. Thompson (2001),92 Ohio St.3d 584, 752 N.E.2d 276, has held that the trial court presiding over a sexual-offender-classification hearing must consider the guidelines set forth in R.C. 2950.09(B)(2), but that the court has the discretion to determine the weight to be given each guideline. Further, the court has held that the trial court may consider any other evidence it deems relevant to the determination of whether the offender is likely to engage in a sexually-oriented offense in the future. Id. The Thompson
court concluded that R.C. 2950.09(B)(2) does not encroach upon the trial court's fact finding authority, and that, therefore, it does not violate the separation-of-powers doctrine.
Thompson is distinguishable from the instant case because Thompson
dealt with what evidence the trial court may consider in determining whether an offender is likely to commit a sexually-oriented offense in the future, and the weight the trial court may accord each R.C.2950.09(B)(2) factor in making that determination. In the instant case, the prosecution failed to submit sufficient evidence from which the trial court could have determined that Hinton is a sexual predator.
Because the evidence was insufficient, we must reverse Hinton's sexual-predator adjudication and remand this case to the trial court to include in Hinton's institutional record a finding that he has not been found to be a sexual predator, as mandated by R.C. 2950.09(C)(2). SeeState v. Hicks, supra.
Judgment reversed and cause remanded.
Shannon, J., concurs.
Hildebrandt, J., dissents.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.