OPINION.
The defendant-appellant, Bradford Lewis, appeals his adjudication as a sexual predator pursuant to R.C. 2950.09(C)(2)(b). He contends that the trial court's finding that he is likely to engage in the future in one or more sexually-oriented offenses is not supported by clear and convincing evidence because the trial court limited its considerations exclusively to the offenses that were committed on December 2, 1976. We agree.
Pursuant to R.C. 2950.09(C)(1), the Ohio Department of Rehabilitation and Corrections recommended to the trial court that Lewis be adjudicated a sexual predator. At the sexual-offender-classification hearing on March 27, 2001, the state offered into evidence the judgment entry of Lewis's June 8, 1978, convictions for aggravated burglary, rape, felonious assault, and aggravated robbery, for which Lewis had been sentenced to consecutive prison terms of fourteen to sixty-five years. The state also offered two additional exhibits: (1) the record of Lewis's bench trial, including the verbatim transcript, and (2) the opinion of the court appeals in his direct appeal.
It is undisputed that twenty-five years ago, at the age of nineteen, Lewis entered the apartment of an eighty-year-old woman, pushed her to the ground, breaking one of her ribs, and threatened, "[I]f you scream, I'll break your neck." He then raped her and stole cash from her before fleeing. At the trial for these offenses, the court rejected psychiatric testimony that Lewis was insane and found him guilty.
At the proceedings below, Lewis's court-appointed counsel represented to the trial court that Lewis was forty-three years of age and had been continuously imprisoned for twenty-three years. He is currently confined at the Mansfield Correctional Institute. Although he had a record of three prior convictions, none involved sexually-oriented offenses. His counsel represented to the trial court that, while a prisoner, Lewis had successfully completed the Magellan Program for sexual offenders in January 1998, had earned his GED, attended AA meetings, was participating in a cultural-enrichment program offered by the Ohio Department of Rehabilitation and Corrections, and was employed in the prison dining room. He advised that there was no evidence of any mental illness or mental disability during Lewis's confinement.
Lewis told the trial court, "I would just like to say what happened 20 something years ago was a mistake and I am not proud of it and it will never happen again. I've changed. I have accepted responsibility for what I did. I was dead wrong. At the time I committed the crime, I couldn't understand why I did it. I was in denial. I was ashamed. I felt real bad about it."
A sexual-offender-classification hearing must be more than perfunctory. State v. Gowdy (2000), 88 Ohio St.3d 387, 398, 727 N.E.2d 579,589. In State v. Eppinger (2001), 91 Ohio St.3d 158, 166, 743 N.E.2d 881,888-889, the Ohio Supreme Court promulgated standards for a model classification hearing. Its guidelines are intended to assist appellate review of the evidence and to ensure a fair and complete hearing. To this end, the trial court is required to (1) create a clear, accurate, and comprehensive record for review; (2) appoint an expert, if necessary, to assist in the determination concerning the offender's likelihood of recidivism; and (3) discuss on the record the particular evidence and the factors of R.C. 2959.09(B) upon which it relies in determining the offender's likelihood of recidivism.
The factors of R.C. 2950.09(B)(2) provide an important framework to assist a court in determining if an offender who has committed a sexually-oriented offense is a sexual predator.[1] Although the trial court must consider all relevant factors under R.C. 2950.09(B)(2), and any other evidence it deems relevant, the Ohio Supreme Court has observed that the guidelines do not direct what weight, if any, the court must assign to each factor in determining the likelihood of recidivism. Statev. Thompson (2001), 92 Ohio St.3d 585, 587-588, 752 N.E.2d 276, 280.
In classifying Lewis a sexual predator in this case, the trial court found that (1) he was nineteen years of age at the time of his crimes; (2) his victim was eighty years of age; (3) he displayed cruelty by breaking his victim's rib and by making threats that were part of a demonstrated pattern of abuse; (4) he displayed no mental illness at the time of trial; and (5) he had a criminal record that included a conviction for attempted burglary. To this extent, the trial court appropriately related Lewis's criminal conduct to five factors in R.C.2950.09(B)(2), thus satisfying that part of the Eppinger model hearing.Id. at 166, 743 N.E.2d at 889.
The trial court apparently did not give any weight to Lewis's evidence concerning the rehabilitative steps he had taken in prison or the absence of mental illness or mental disability over the prior twenty-five years. Instead, the trial court simply concluded,
 Based on — this is a very horrible offense, it is one of those offenses that every woman fears. Older women who live by themselves fear being taken advantage of by a younger, stronger, person who feels the home would be broken into and attacked and robbed, that's what happened in this case.
I find pursuant to Ohio Revised Code 2950.04 that he's a sexual predator. The reprehensible nature of Lewis's offenses is beyond dispute. The trial court's comments, however, misstated the legal standard applicable to a determination of whether the offender is a sexual predator. The issue is not whether Lewis is deserving of punishment, but whether the evidence clearly and convincingly demonstrates that, as an offender who has been convicted of committing one sexually-oriented offense twenty-five years in the past, he is presently likely to reoffend. R.C. 2950.01(E) and 2950.09(B)(3). The purpose of R.C. Chapter 2950 is "to protect the safety and general welfare of the people of this state." R.C. 2950.02(B). Eppinger at 165,743 N.E.2d at 888. As the Ohio Supreme Court has observed, "One sexually oriented offense is not a clear predictor of whether that person is likely to engage in the future in one or more sexually oriented offenses, particularly if the offender is not a pedophile." Eppinger at 162,743 N.E.2d at 885-886.
The state must prove by clear and convincing evidence that an offender is a sexual predator. R.C. 2950.01(E) and 2950.09(B)(3); Eppinger at 163, 743 N.E.2d at 886-887. "[C]lear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt in criminal cases. It does not mean clear and unequivocal." Eppinger at 164, 743 N.E.2d at 887, quoting Cross v. Ledford (1954), 161 Ohio St. 469,477, 120 N.E.2d 118, 123.
We have consistently held that conviction for a single sexually-oriented offense occurring a decade or more before the sexual-offender-classification hearing, standing alone, is not clear and convincing evidence that the offender is likely to commit another sexually-oriented offense. See State v. Bass (May 12, 2000), Hamilton App. No. C-990529, unreported; State v. Tasseff (Apr. 28, 2000), Hamilton App. No. C-990624, unreported; State v. Higgins (Apr. 14, 2000), Hamilton App. No. C-990615, unreported; State v. Pryor (Mar. 10, 2000), Hamilton App. No. C-990497, unreported; State v. Hicks (1998), 128 Ohio App.3d 647,649-650, 716 N.E.2d 279, 280-281.
Here, the transcript of the classification hearing illustrates that the trial judge, who was not the presiding judge at Lewis's trial, had no opportunity to read the trial transcript or the opinion on direct appeal. Instead, the trial judge relied upon the prosecutor's narrative of the facts. The record is silent concerning Lewis's medical or social history for the past twenty-five years other than what Lewis and his counsel offered at the hearing. Neither the prosecutor nor Lewis's counsel requested appointment of an expert, and the trial court did not exercise its discretion to appoint an expert at state expense to assist it in determining whether Lewis was likely to engage in the future in one or more sexually-oriented offenses. In light of these deficiencies, it is clear that the trial court adjudicated Lewis a sexual predator without weighing the evidence and solely upon his conviction twenty-five years earlier.
Therefore, we reverse the trial court's sexual-predator adjudication as being unsupported by clear and convincing evidence and remand this case to the trial court to conduct a new sexual-offender-classification hearing pursuant to R.C. Chapter 2950.
Judgment reversed and cause remanded.
Painter and Sundermann, JJ., concur.
[1] R, C. 2950.09(B)(2) provides that the trial court, in determining whether an offender is a sexual predator, "shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct."