DECISION.
Defendant-appellant Riyon Wilkinson, pursuant to a plea bargain, pleaded guilty to rape of a minor without force. An agreed sentence of three years' incarceration was imposed. A sexual-offender-classification hearing was held immediately following the plea and sentencing. At the hearing, the state submitted a document that contained evidence favorable to Wilkinson. The document stated that the victim had initially alleged that Wilkinson had forced her into his car, but later admitted that she had entered his car voluntarily. The state also submitted a copy of Wilkinson's juvenile record. Wilkinson had no significant adult record, with the prosecutor indicating that Wilkinson had only two minor-misdemeanor moving violations.
The prosecutor presented the facts of the offense as follows:
 Your Honor, this offense occurred at an undetermined time during the morning hours of September the 10th in the year 2000. It happened at an apartment located at 757 Ridgeway Avenue, Apartment Number 202, which is located in District 4 of Cincinnati, Hamilton County, Ohio. On that date, time and location, this defendant, who at the time was 20 years of age, engaged in sexual intercourse with a 12-year-old female whose initials are TW, her date of birth was 12/2/87, so she was twelve and a half at the time, almost 13 at the time this occurred.
 Specifically, Judge, this young lady reported to the police at some point — she initially reported that the defendant actually forced her into his vehicle and had taken her to this apartment where he forced her to engage in sexual intercourse with him. During the course of the investigation, however, she did admit, and I did disclose this to [defense counsel], that she went voluntarily with the defendant to this location; they did have sexual intercourse or vaginal intercourse, and she also reported that she engaged in fellatio with the defendant; and at some point thereafter she called it to the attention of the police.
 She didn't know the defendant's name, but she was able to identify him through a photo array lineup. The police went and contacted him. He denied that he had any contact with her whatsoever. During the course of the rape examination, however, DNA type evidence was recovered. There was semen in her vagina, which was consistent with her having vaginal intercourse. Although the DNA results aren't back, it's the State's belief that the semen does belong to the defendant. We did put in motion the DNA test, and the lab is in the process of finalizing the results of that test.
(T.p. 13-14.)
In arguing that Wilkinson should be found to be a sexual predator, the prosecutor cited the age of the victim. Further, the prosecutor stated,
 This is a situation where he came forward to the police and said, hey, I thought she was older, I didn't mean to do this. It was a situation, at first, where he denied any contact with her. Whether that means he's a sexual predator, we don't know, but I would say at least a sexually-oriented offender.
 The trial court found Wilkinson to be a sexual predator based upon the age of the victim and "Mr. Wilkinson's inability to recognize a child when he sees a child." The court found that "when there is a rape of a child of tender years, and a twelve-year-old is a child of tender years * * * it is an indication of probative recidivism [sic]." (T.p. 24.)
Wilkinson has appealed his sexual-predator classification, raising two assignments of error for our review. Wilkinson's first assignment of error, which alleges that R.C. 2950.09, Ohio's sexual-predator-classification statute, is unconstitutionally vague, is overruled on the authority of State v. Williams (2000), 88 Ohio St.3d 513,728 N.E.2d 342.
Wilkinson's second assignment of error alleges that the trial court's determination that he is a sexual predator was based upon insufficient evidence.
A sexual predator is "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). The prosecution must prove by clear and convincing evidence that an offender is a sexual predator. See R.C. 2950.09(B)(3); State v. Cook
(1998), 83 Ohio St.3d 404, 700 N.E.2d 570; State v. Lee (1998),128 Ohio App.3d 710, 716 N.E.2d 751. Clear and convincing evidence is that measure of proof that produces a firm belief as to the allegations sought to be established. See State v. Eppinger (2001), 91 Ohio St.3d 158,743 N.E.2d 881; Cross v. Ledford (1954), 161 Ohio St. 469, 120 N.E.2d 118, syllabus; State v. Hunter (2001), 144 Ohio App.3d 116, 759 N.E.2d 809. It is an intermediate standard, more than a preponderance but not to the extent of the certainty required by the beyond-a-reasonable-doubt standard. Id. Clear and convincing evidence does not mean clear and unequivocal. Id.
The declaration of an offender's status as a sexual predator cannot be automatic. See State v. Hicks (1998), 128 Ohio App.3d 647, 716 N.E.2d 279;State v. Lee, supra; State v. Hunter, supra. The legislature did not contemplate that sexually-oriented offenders would be found to be sexual predators solely because they had been convicted of or pleaded guilty to a sexually-oriented offense. Id. The trial court must avoid indulging in the presumption that anyone with a prior sexually-oriented offense is a sexual predator. Id.
Wilkinson committed rape, which is a sexually-oriented offense. The issue for the trial court to determine was whether Wilkinson was likely to commit another sexually-oriented offense in the future.
R.C. 2950.09(B)(2) provides the following:
 In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
The offender's age;
 The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 The age of the victim of the sexually-oriented offense for which sentence is to be imposed;
 Whether the sexually-oriented offense for which sentence is to be imposed involved multiple victims;
 Whether the offender used drugs or alcohol to impair the victim of the sexually-oriented offense or to prevent the victim from resisting;
 If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense, and, if the prior offense was a sex offense or a sexually-oriented offense, whether the offender participated in available programs for sexual offenders;
Any mental illness or disability of the offender;
 The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually-oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 Whether the offender, during the commission of the sexually-oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 Any additional behavioral characteristics that contribute to the offender's conduct.
 An offender may be found to be a sexual predator "even if only one or two statutory factors are present, so long as the totality of the relevant circumstances provides clear and convincing evidence that the offender is likely to commit a future sexually-oriented offense." See State v. Randall
(2000), 141 Ohio App.3d 160, 750 N.E.2d 615, citing State v. Clutter (Jan. 28, 2000), Washington App. No. 99CA19, unreported.
In State v. Hunter, supra, Hunter was convicted of rape and gross sexual imposition. Hunter, who was the father of his victim's brother, massaged his nine-year-old victim's legs, anally raped her, rubbed his penis on her vagina and ejaculated on her when the children spent the night in his condominium. Hunter had prior convictions, but he had not previously been convicted of a sexually-oriented offense. The trial court found Hunter to be a sexual predator based upon the age of the victim and the "type of rape." We held that the trial court's classification of Hunter as a sexual predator was against the manifest weight of the evidence because the weight of the evidence did not support a finding that Hunter was likely to recidivate. We stated,
 [A]though the victim was nine years old when the underlying offenses were committed, we are unconvinced that the record demonstrates that Hunter is likely to commit another sexually-oriented offense.
 State v. Hunter, supra, at 124, 759 N.E.2d at 814-815.
 The Ohio Supreme Court, in State v. Eppinger, supra, at 162, 743 N.E.2d at 885, observed,
 One sexually-oriented offense is not a clear predictor of whether that person is likely to engage in the future in one or more sexually-oriented offenses, particularly if the offender is not a pedophile. Thus, we recognize that one sexually-oriented conviction, without more, may not predict future behavior.
 In the case sub judice, the evidence adduced by the state showed that Wilkinson had engaged in sexual intercourse and fellatio with a girl who was nearly thirteen years old. There was no evidence of coercion. The prosecution did not dispute the fact that Wilkinson thought the girl was older. Outside of two minor-misdemeanor moving violations, Wilkinson had no adult criminal record. The prosecutor stated that he "didn't know" if Wilkinson was a sexual predator, but that Wilkinson was "at least a sexually-oriented offender." There was no evidence submitted by the prosecution, and no finding made by the trial court, that Wilkinson was a pedophile.
We hold, examining the totality of the circumstances, that the prosecution failed to prove by clear and convincing evidence that Wilkinson was likely to engage in the future in a sexually-oriented offense. The second assignment of error is sustained.
We point out that this case is distinguishable from State v. Thompson
(2001), 92 Ohio St.3d 584, 752 N.E.2d 276, because Thompson dealt with what evidence the trial court may consider in determining whether an offender is likely to commit a sexually-oriented offense in the future, and the weight the trial court may accord each R.C. 2950.09(B)(2) factor in making that determination. In the instant case, the prosecution failed to submit sufficient evidence from which the trial court could have determined that Wilkinson is a sexual predator. See State v. Hinton
(Dec. 14, 2001), Hamilton App. No. C-010046, unreported.
Because the evidence was insufficient, we must reverse Wilkinson's sexual-predator adjudication and remand this case to the trial court to specify in Wilkinson's sentence and judgment of conviction that he is not a sexual predator, pursuant to R.C. 2950.09(B)(3), and for further proceedings consistent with law and this Decision.
Judgment reversed and cause remanded.
Sundermann, J., concurs.
Gorman, P.J., dissents in part.