DECISION
{¶ 1} Defendant-appellant, Charles Kidwell, appeals from a judgment of the Franklin County Court of Common Pleas finding him to be a sexual predator pursuant to R.C. 2950.09.
{¶ 2} On February 2, 1990, defendant was indicted for one count of rape, in violation of R.C. 2907.02, and two counts of gross sexual imposition, in violation of R.C. 2907.05. The indictment specified that the victim was ten years of age. On May 7, 1990, defendant entered a guilty plea as to the charge of rape. The trial court accepted defendant's plea and dismissed the remaining counts of the indictment as requested by the state. Subsequently, by entry filed June 29, 1990, the court sentenced defendant to an indeterminate sentence of 7 to 25 years. Defendant was further ordered to submit to psychiatric evaluation, treatment and therapy during his incarceration.
{¶ 3} On January 11, 2002, based upon the recommendation of the Ohio Department of Rehabilitation and Correction ("ODRC"), the trial court conducted a sexual predator determination hearing pursuant to R.C. 2950.09. No testimony was presented at hearing. However, the state introduced six exhibits, which were stipulated to by the defense: a certified copy of the indictment; the guilty plea form; the sentencing entry; a transcript of the guilty plea and sentencing hearings; a presentence investigation report; and defendant's institutional records, including a "Polaris Residential Sex-Offender Treatment Program Discharge Summary" dated August 28, 2001. Following counsels' arguments and a brief statement by defendant, the trial court announced that it would render its decision after considering the arguments and reviewing the exhibits. And, on February 19, 2002, the trial court entered its judgment, wherein it declared defendant a sexual predator.
{¶ 4} Defendant now appeals the trial court's judgment, raising the following assignment of error:
{¶ 5} "The trial court erred when it determined that the appellant was a sexual predator when the state did not establish by clear and convincing evidence that the appellant is likely to commit a sexually oriented offense after his release from prison."
{¶ 6} A "sexual predator" is defined as a person who has been convicted for a sexually oriented offense and who is likely to engage in one or more sexually oriented offenses in the future. R.C. 2950.01(E). There is no question that rape is a sexually oriented offense. R.C.2950.01(D). Thus, the sole remaining issue is whether the state met its obligation to prove by clear and convincing evidence that appellant is likely to re-offend by committing a sexually oriented offense in the future. R.C. 2950.09(B)(4); State v. Cook (1998), 83 Ohio St.3d 404,408.
{¶ 7} Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cincinnati Bar Assn. v. Massengale (1991), 58 Ohio St.3d 121, 122, citing Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. This standard of proof, while amounting to more than a mere preponderance, does not rise to the level of certainty required to be beyond a reasonable doubt. Id. "It does not mean clear and unequivocal." Cross at 477.
{¶ 8} In determining whether the state has proved an offender is a sexual predator by clear and convincing evidence, a trial court must "consider all relevant factors, including, but not limited to:" the factors listed in R.C. 2950.09(B)(3):
{¶ 9} "(a) The offender's * * * age;
{¶ 10} "(b) The offender's * * * prior criminal * * * record regarding all offenses, including, but not limited to, all sexual offenses;
{¶ 11} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed * * *;
{¶ 12} "(d) Whether the sexually oriented offense for which sentence is to be imposed * * * involved multiple victims;
{¶ 13} "(e) Whether the offender * * * used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
{¶ 14} "(f) If the offender * * * previously has been convicted of or pleaded guilty to * * * a criminal offense, whether the offender * * * completed any sentence * * * imposed for [said] offense * * * and, if the prior offense or act was a * * * sexually oriented offense, whether the offender * * * participated in available programs for sexual offenders;
{¶ 15} "(g) Any mental illness or mental disability of the offender * * *;
{¶ 16} "(h) The nature of the offender's * * * sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
{¶ 17} "(i) Whether the offender * * *, during the commission of the sexually oriented offense for which sentence is to be imposed * * *, displayed cruelty or made one or more threats of cruelty; [and]
{¶ 18} "(j) Any additional behavioral characteristics that contribute to the offender's * * * conduct."
{¶ 19} Initially, we note that however preferable it may be for a trial court to state or discuss on the record the particular factors and corresponding evidence relied upon in finding an offender to be a sexual predator, it is not required. State v. Eppinger (2001), 91 Ohio St.3d 158,166. Further, in making its evaluation, "[t]he trial court may place as much or as little weight on any of the factors as it chooses; the test is not a balancing one." State v. Maser (Apr. 20, 1999), Franklin App. No. 98AP-689. There is no minimum number of factors that must be indicated. "A court may classify an offender as a `sexual predator' even if only one or two statutory factors are present, so long as the totality of the relevant circumstances provides clear and convincing evidence that the offender is likely to commit a future sexually oriented offense." State v. Hardie (2001), 141 Ohio App.3d 1, 5. Thus, as an appellate court, our task in reviewing a sexual predator determination is limited to an examination of the record to "determine whether the trier of fact [had] sufficient evidence before it to satisfy the clear and convincing standard." State v. Jackson (June 29, 2000), Franklin App. No. 99AP-1250, citing State v. Johnson (Sept. 24, 1998), Franklin App. No. 97AP-1585.
{¶ 20} A review of the record reveals the following undisputed facts regarding appellant's conviction. According to the presentence investigation ("PSI"), the victim, appellant's ten-year-old stepdaughter, told police that the events occurred during the summer, 1989. Some time in July, she was home alone with appellant when he bribed her to perform fellatio on him, which he concluded by ejaculating into her mouth. The victim related several other incidents of abuse. Those events involved appellant placing the victim's hands on his penis and improperly touching her "privates," as well as lying in bed with her, naked, and masturbating onto her back. There is no indication that appellant used force or violence, or threats of force or violence, in connection with these events.
{¶ 21} Appellant openly admitted to his behavior. He stated that the sexual abuse, which at first happened about once a week but escalated to several times per week, occurred over a period of three to four months. As set forth in the PSI, he also told investigators that he had informed his wife, the victim's mother, and a social worker at Riverside Hospital about the behavior because he was experiencing mental anguish concerning that activity, as well as problems at work. He explained that his conduct stemmed from the physical abuse he endured at the hands of his father as a child. He also indicated that his stepdaughter (who had previously been molested by a family friend) initiated the sexual abuse by pressing up against him, and that he couldn't stop himself. "He feels that he is not a pervert, it's just that all the circumstances came together. [He] said he just kept on doing it and the victim was very willing." (PSI 4). Appellant further admitted that he improperly touched the breast of a stepdaughter from a previous marriage in 1982, when she was approximately nine years old.
{¶ 22} The PSI also states that appellant sought treatment for his psychological problems beginning in August 1989. According to a report regarding that treatment, long-term psychotherapy would be necessary to reinforce any insight gained and cement any improvement in his behavior. Appellant was diagnosed as suffering from major depression with psychotic features, pedophilia, and a personality disorder exhibiting dependent, avoidant, and passive/aggressive tendencies. Appellant was prescribed medication to help with his depression.
{¶ 23} The record also contains appellant's ODRC institutional file, including a discharge summary from the Polaris Residential Sex-Offender Treatment Program. According to that summary, appellant completed 18 months of the two-year program, but was discharged due to his evident unwillingness to work on his treatment goals. Specifically, appellant began to exhibit abnormal behavior at the start of the victim empathy module; his behavior became increasingly erratic over a period of six weeks until he was discharged. Appellant informed members of the Polaris team that he had picked up, but not taken his medications for a period of several months. The treatment team noted that appellant had made the same cognitive decision to discontinue his medications at the same point of treatment, victim empathy, during his first attempt through the program. It was further noted that appellant downplayed his diagnosis of bipolar disorder, referring to it as "nerves," and preferred to ruminate on his own fears rather than practice victim empathy. Although his performance was generally satisfactory until that point, appellant never completed the Polaris program.
{¶ 24} Appellant contends that the submitted evidence is insufficient to sustain a finding that he is likely to commit a sexually oriented offense upon his release from prison and, therefore, requests that we reverse the judgment of the trial court. In reaching its decision, the trial court did not list which factors it found especially relevant. However, the court did explicitly state in its entry that it had considered the factors set forth in R.C. 2950.09(B)(3), the testimony presented at hearing, and the record before concluding that appellant is a sexual predator. And, based on our own analysis of the totality of the evidence in light of those statutory factors, we conclude there is clear and convincing evidence to support a finding that appellant is likely to re-offend. Consequently, we disagree with appellant and affirm that judgment.
{¶ 25} Several of criteria listed in R.C. 2950.09(B)(3) are indicated by the facts of the instant case and substantiate the trial court's conclusion. Significantly, the victim of appellant's offense was his ten-year-old stepdaughter. See R.C. 2950.09(B)(3)(c). Appellant argues that, contrary to first impressions, this factor actually mitigates against a finding that he is likely to re-offend. Citing a study released by the ODRC, appellant contends as one involved in incestuous behavior, he is among the group of sex offenders least likely to relapse and commit a sexually oriented offense upon his release. See Paul Konicek, Five-Year Recidivism Follow-Up Of 1989 Sex Offender Releases (1996).
{¶ 26} However, in the context of sexual offenders who target young children, this court has repeatedly stated that "[t]he age of the victim is probative because it serves as a telling indicator of the depths of [the] offender's inability to refrain from such illegal conduct." State v. Hendricks (June 28, 2001), Franklin App. No. 00AP-1374, citing State v. Kairis (Feb. 27, 2001), Franklin App. No. 00AP-1053. Further magnifying that observation is the fact that appellant's victim was his stepdaughter. As we have noted previously, such a demonstrated lack of regard for society's innate prohibitions against incestuous sexual relations with young children can lead a trial court to properly conclude that appellant's compulsion to engage in such behavior is inherent to his nature; in other words, it is likely that he would re-offend. Id. Appellant's PSI, which acknowledged his belief that the victim was the willing instigator, his inability to stop himself, and the diagnosis of pedophilia, also supports this conclusion.
{¶ 27} Furthermore, appellant's conduct can be interpreted to demonstrate a pattern of abuse. See R.C. 2950.09(B)(3)(h). The record establishes that appellant admittedly engaged in inappropriate sexual contact with the victim over a period of three to four months with increasing reoccurrence. He also indicated that he had improperly touched another stepdaughter's breast six years prior to the current offense. The escalating frequency of appellant's illegal conduct over a period of several months further supports a finding that he may give in to similar compulsion to commit future offenses. State v. Jackson (Feb. 20, 2001), Franklin App. No. 00AP-183; State v. Bartis (Dec. 9, 1997), Franklin App. No. 97APA05-600.
{¶ 28} Additionally, R.C. 2950.09(B)(3)(g) requires a court to consider any mental illness or disability affecting appellant. As part of his sentence, appellant was ordered to submit to psychiatric evaluation, treatment and therapy during his incarceration. As mentioned previously, appellant was diagnosed as suffering from several mental ailments, including bipolar disorder and pedophilia. Yet, despite efforts to treat his problems, appellant has, on at least two occasions, voluntarily stopped taking his medication and exhibited abnormal behaviors. He further made light of his bipolar disorder, referring to it only as "nerves." Appellant's inability to comprehend the serious consequences associated with his mental disorders would be properly considered as a factor in support of finding appellant to be a sexual predator.
{¶ 29} On a related note, appellant's failure to recognize the seriousness of his mental disorders may have contributed to his failure to complete the Polaris program. Appellant submits that he did not complete the Polaris program because he had too much sympathy for the victim, which made the victim empathy module too painful and distressing. He further contends that his satisfactory participation in that program, as well as other counseling sessions, should be viewed favorably. We do note that participation in available sex-offender programs is generally looked upon with favor in making predator determinations; however, it is but one factor to be considered. R.C.2950.09(B)(3)(f); State v. Davis (June 27, 2000), Franklin App. No. 99AP-1256. It is well within the trial court's discretion to find an offender to be a sexual predator by clear and convincing evidence regardless of participation in or completion of counseling programs, including those offered exclusively to sex offenders. Hendricks, supra.
{¶ 30} Finally, we acknowledge appellant's contention that the behavior underlying his conviction should not, in and of itself, serve as a basis for concluding that he is likely to act out again in the future. Referencing the court's finding in State v. Hicks (1998),128 Ohio App.3d 647, appellant asserts that the only evidence supporting the trial court's judgment involves his conviction. However, this argument overlooks a crucial distinction. In Hicks, the only evidence submitted to the court was the defendant's indictment and guilty plea. And, from that evidence alone, the court deemed the defendant a predator. As a consequence, the appellate court reversed the trial court's decision, explaining that "the legislature did not make those convicted of rape per se sexual predators, and such offenders are entitled to a hearing where the state must prove by clear and convincing evidence that they are likely to commit another sexually oriented offense." Hicks at 649.
{¶ 31} The instant case is readily distinguishable. The record contained more than just appellant's indictment and guilty plea. Indeed, a majority of the information comprising the record is from appellant's PSI and institutional records. Furthermore, there is no prohibition against using the facts of the predicate offense to establish appellant's likelihood to re-offend. State v. Gardner (Nov. 16, 2000), Franklin App. No. 00AP-93.
{¶ 32} Based on the foregoing, we find that the record reveals sufficient evidence demonstrating appellant's propensity to engage in one or more sexually oriented offenses upon his release. While other factors, such as appellant's age and lack of any noticeable criminal record, may mitigate against that finding, they do not outweigh or overwhelm the evidence corroborating this determination. Therefore, we conclude that there is clear and convincing evidence to support the trial court's finding that appellant is a sexual predator.
{¶ 33} Accordingly, appellant's sole assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
LAZARUS and KLATT, JJ., concur.